## SARAH E. LOCKWOOD *vs.* ENOS B. LOCKWOOD.

Fairfield Co., Oct. T., 1887.   PARK, C. J., PARDEE, LOOMIS, BEARDSLEY and STODDARD, Js.

The statute (Rev. of 1888, § 1094,) provides that in suits by or against representatives of deceased persons, declarations of the deceased relevant to the matter in issue may be received as evidence.   Held, in a controversy as to the title to a piece of land, where each party claimed under a deed from the deceased, that his declaration that he did not give a deed to one of the parties was not admissible.

To constitute a person a representative of the deceased within the intent of the statute, he must take some portion of his estate in consequence of his death, as a devisee or heir, or else must be strictly a personal representative, as executor or administrator.

It does not affect the case that one of the parties was a son of the deceased and so his heir, where he claimed title only under a deed given him by his father in his lifetime.

[Argued October 26th—decided December 1st, 1887.]

ACTION to recover possession of certain real estate ; brought to the Superior Court in Fairfield County, and tried to the jury before *Sanford, J.*   Verdict for the plaintiff and appeal by the defendant for error in the rulings of the court.   The case is sufficiently stated in the opinion.

*J. B. Hurlbutt* and *N. C. Downs*, for the appellant.

*J. H. Olmstead*, for the appellee.

LOOMIS, J.   This was an action of ejectment to recover the possession of certain land described in the complaint, situated in the town of Stamford.   Both plaintiff and defendant claimed title to the land under deeds directly from the same grantor, one Enos Bennett Lockwood, who died on the 6th day of November, 1870.   The plaintiff's deed was dated October 31st, 1870, and recorded at one o'clock the same day.   The defendant's deed was dated June 9th, 1870, and was recorded at eleven o'clock and twenty minutes in the forenoon of October 31st, 1870; so that, if the defendant's deed was good, it antedated that of the plaintiff and made his defense perfect.   But the plaintiff denied the validity of the defendant's deed, and claimed as matter of fact that it was never executed by said Enos Bennett Lockwood, and as tending to prove this issue he " offered the testimony of Mrs. Ann Boyle Lockwood, that at different times during the summer of 1870, the said Enos Bennett Lockwood said to her that he had not given a deed to Enos, the defendant." This evidence the court received against the objection of the defendant, and the principal question raised by the appeal to this court is, whether this ruling was correct.

It is conceded that at common law the declarations of a deceased grantor subsequent to the date of the deed, in the absence of the grantee, could not be received to invalidate it.   A contrary rule would not only be abhorrent to the principles of the common law but to our sense of justice.   It would be competent however for the legislature to establish a different rule, and it is claimed that it has done so by the act which provides that "in suits by or against the representatives of deceased persons, declarations of the deceased relevant to the matter in issue may be received as evidence." Session Laws of 1881, chap. 99, sec. 1.

To vindicate the admission of the declarations in question under this act, it is indispensable to hold this to be a suit by or against the representatives of a deceased person.   The words " representatives of deceased persons " primarily mean executors and administrators, and the defendant claims that they must be so construed here.   But the context and the

manifest purpose of a statute or written instrument often require a broader meaning.

In *Bissell* v. *Beckwith*, 32 Conn., 509, the same words, as applied in the act of 1850 to the admission of the entries and written memoranda of deceased persons, were, according to the head-note, regarded as including devisees under the will of the deceased, who had brought a bill in equity to compel a reconveyance of real estate fraudulently obtained from the deceased. This is not entirely satisfactory, for the reason that the executor was a party to the suit with the devisees, and the opinion of the court does not notice this point at all, the main contention having been upon the question what kind of entries or written memoranda were intended by the statute. Our impression is, however, that the petition was brought wholly in the interest of the devisees, and in finding no error in the ruling the court impliedly held as stated in the head-note. We do not intend to hold otherwise. The point is not material to our present discussion. We may, for the purposes of this case, admit that heirs and devisees are included in the term "representatives of the deceased," equally with executors and administrators, but that does not help the plaintiff's case at all, inasmuch as this suit is not prosecuted by or against or in the interest of persons in either of these three capacities. To vindicate the ruling it becomes necessary to hold that the grantees of a living person are, in relation to the subject matter of the grant, the representatives of such person, at least after his decease.

To establish such a rule would require us to stretch the import of the words in question far beyond the most liberal construction hitherto suggested as possible, and it would create a well-founded apprehension of peril to real estate titles. The elaborate muniments of such titles furnished by statutes requiring written deeds executed in the presence of two witnesses, acknowledged before a proper magistrate, and recorded at full length in the town records, might, in the possible opinion of the triers, seem of small account against the subsequent oral declarations of the grantors, though unsanctioned either by oath, by cross-examination,

or by an interest adverse to the declarations. It is incredible that the legislature could have intended anything so absurd and mischievous.

In *Bissell* v. *Beckwith, supra,* this court on page 516 gives the principles of construction applicable to a statute like the one under consideration. " The statute of 1848 had allowed parties and other persons interested in suits to be witnesses. This change, although on the whole highly beneficial, was attended with some evils, one of which was that it gave to living parties a very great advantage over representatives of the dead. To obviate this the act of 1850 was passed. As to the rule of construction, we recognize the principle laid down in *Rawson* v. *The State,* 19 Conn., 292, that all statutes, whether remedial or penal, should be construed according to the apparent intention of the legislature, to be gathered from the entire language used in connection with the subject and purpose of the law. The object of this law was to enable the representatives of deceased persons to sustain just and defeat unjust claims *affecting the estate.*"

All this reasoning is equally adapted to the statute now under consideration. The latter merely supplements the former statute by including oral declarations. The same logic which allowed written declarations to be given in evidence in 1850, required oral declarations of the same character to be included in the later act. The only difference is that written declarations may be precisely identified by the writing itself, while oral declarations must depend upon the honesty and accuracy of the witness who heard them.

If the object and purpose of the act of 1881, like that of 1850, was to protect the estate for the benefit of those who represent the deceased in taking some portion of his estate, it cannot be construed so as to include the evidence in question. The present suit can have no effect upon the estate; it can add nothing to it, it takes nothing from it. The suit is prosecuted on the one side and defended on the other in a purely personal, and not in any representative capacity.

The right to bring it and the right to defend did not result from the death of the declarant. It might just as well have been brought in 1870, in the lifetime of the deceased, as now, provided of course there was an ouster.

It seems clear to us that to constitute one a representative of a deceased person he must take some portion of his estate in consequence of his death, either as devisee or heir, or else he must be strictly a personal representative, as executor or administrator.

As neither of the present parties can stand any of these tests, we conclude that the suit is not brought by or against the representative of a deceased person.

But it may be suggested that we overlook the fact appearing on the record, that the defendant was a son of the deceased and the specious argument built thereon—if a son, then an heir, and if an heir, then a representative.

The sufficient answer is, that the finding and the pleadings· clearly show that the contest was solely between successive grantees of the deceased under deeds in his lifetime. The sole claim of each party was under his own deed, and each assailed the deed of the other as invalid. The defendant had a perfect right to stand on his title by deed, and if any error intervened in relation to that position he can take advantage of it, though it were true that he might have set up some other title. But nothing appears to show that it was possible to set up any other title. There is nothing to show whether the father died testate or intestate. The plaintiff made no suggestion of this kind in the court below, but offered the evidence under discussion solely to affect the defendant's title by deed, and it was so received, and by that must the case be determined.

The record shows two remaining assignments of error:— but one was abandoned on the hearing before this court, and the other, which relates to a single question put by the plaintiff's counsel on cross-examination of the witness Mrs. Lavinia Lockwood, which she did not answer, has not merit enough to justify the slightest discussion.

There was error in the ruling admitting the declarations

of Enos Bennett Lockwood, deceased, and a new trial is ordered.

In this opinion the other judges concurred.