ALONZO PIXLEY, TRUSTEE, *vs.* HENRY P. EDDY.

Hartford Dist., May T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, JS.

Section 1094 of General Statutes provides that "in actions by or against the representatives of deceased persons, the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence." Held that a distributee of the property of a deceased person is his "representative" within the meaning of the statute, in a suit involving the title to the property.

[Argued May 2d—decided September 21st, 1888.]

REPLEVIN of property claimed to be unlawfully detained by the defendant; brought, by appeal of the defendant from the judgment of a justice of the peace, to the Court of Common Pleas of Litchfield County, and tried to the jury, on a general denial, before *Warner, J.* Verdict for the defendant, and appeal by the plaintiff for error in the admission of evidence. The case is fully stated in the opinion.

*L. D. Brewster*, for the appellant.

*J. Huntington*, for the appellee.

LOOMIS, J. This is an action of replevin for certain household ornaments claimed as the property of Amelia E. Pixley, wife of the plaintiff, who sues as her trustee. The title of the plaintiff is based on an alleged contract with Mrs. John Peck whereby the latter was to furnish the materials and Mrs. Pixley was to do the work of painting and ornamenting the same, and when finished Mrs. Peck was to have the use and possession for her life, but upon her decease they were to become the absolute property of Mrs. Pixley. The plaintiff claimed that the contract was fully performed on the part of Mrs. Pixley and that the articles were delivered to Mrs. Peck who held them until the 13th of May, 1886, when she died intestate, leaving two sons as heirs, Frederick A. and Henry P. Eddy. Administration was taken out upon the estate, and during its settlement and after the payment of all debts and claims against the estate, the defendant for a valuable consideration purchased all the interest of Frederick A. in the property of the estate and took possession of the same.

To defeat the plaintiff's title under the claimed agreement, the defendant offered the declarations of Mrs. Peck, not in the presence of Mrs. Pixley, to the effect that no such agreement was ever made and that Mrs. Pixley had been otherwise fully paid for her work. The plaintiff objected to the admission of this evidence, but the court admitted it. The jury returned a verdict for the defendant and the

plaintiff appeals on the ground of error in this ruling of the court.

The sole question is, whether the declarations referred to were admissible ? The answer depends entirely upon the construction of a statute passed in 1881, now embodied in section 1094 of the General Statutes, as follows :—" In actions by or against the representatives of deceased persons, the entries, memoranda and declarations of the deceased relative to the matter in issue may be received as evidence."

The controlling question is, whether this is a suit against the representative of a deceased person.

Had the statute used the word " personal " before the word " representatives " it would be conceded that the evidence must be confined to suits by or against executors or administrators. But executors and administrators are not the only representatives of a deceased person. In the statute of distributions heirs are so designated. As the statute in question contains no restriction or qualification, may it not be construed broadly enough to include both personal and legal representatives ?

Unless restricted to the former it seems to us it must include the latter. There can be no half-way ground. In *Bissell* v. *Beckwith*, 32 Conn., 509, the court seems to have construed the same words in the act of 1850, admitting entries and written memoranda of deceased persons, as including suits by devisees. If devisees are representatives of the deceased, why not distributees, who are called legal representatives in the statutes ?

But it is said that *Bissell* v. *Beckwith* was a suit to recover real estate which had belonged to the deceased and had been obtained from her by fraud, and that the object was to recover it for the estate. But it was real estate which by the will had vested in the devisees and it was to be recovered for them. The fact that it had so vested rendered it necessary that they should be parties, but this in no wise affected the question whether they were representatives of the deceased. The statute has no reference at all to the kind of property to be recovered, or the subject matter of the suit,

but simply to the relation of the parties (or one of them) to the deceased. So that this distinction cannot deprive *Bissell* v. *Beckwith* of all force as an authority. Nor can the other distinction as to the purpose of that suit have any such effect, for the purpose there was no more to protect the estate than it is here.

In this case, if the plaintiff succeeds he takes so much from the estate and if the defendant succeeds it virtually adds so much. Before possession was surrendered the suit could have been brought only against the administrator, in which case it is conceded that the declarations would have been admissible. In strictness it is the duty of an administrator, if practicable; to have the question of title settled before distribution, because if the property be valued and set to one heir towards his portion of the estate and the title should fail, the distribution would be unequal and would demand re-adjustment. It is true that in this case the defendant takes all there is of the estate as heir and as purchaser from his brother, so that the question of the inequality of shares cannot in fact arise ; but this circumstance does not affect our reasoning, because we have the right to test the question whether an heir can be a representative of the deceased by looking at him as the distributee of the property in controversy, and our position is that, in defending the title of the deceased to the property distributed to him, he virtually defends the estate, because, in the event of a recovery and removal of the property by a stranger, the estate would have to make up the deficiency by a new distribution or otherwise if demanded, and on the other hand, whatever the heir saves by defending the property distributed to him he saves for the estate.

In *Lockwood* v. *Lockwood*, 56 Conn., 106, decided in December, 1887, the meaning of these words of the statute was considered and explained. It was an action of ejectment to settle the title to a piece of land claimed by two different persons under different deeds directly from the same grantor. The action was brought after the grantor's decease. One grantee sought to assail the deed of the other

by the oral declarations of the grantor, made after the deeds in question had been executed and delivered. It was held that a grantee of real estate does not on the death of his grantor become by that mere fact a representative of his deceased grantor in relation to the subject matter of the grant, and in discussing that case we said :—" It seems clear to us that to constitute one a representative of a deceased person he must take some portion of his estate in consequence of his death, either as heir or devisee, or else he must be strictly a personal representative, as executor or administrator." This proposition was not within the strict requirements of that case, and might be called a mere *dictum*, but it is applicable to the present case and we now reaffirm it.

An argument of some weight against the construction we have given is derived from an act passed in 1887, now incorporated with section 1095 of the General Statutes, which provides that where " the entries and written memoranda of deceased persons would be admissible in favor of the representatives of such deceased persons, such entries and memoranda may be admitted in favor of any person claiming title under or from such deceased person." This seems to have been designed as an extension of the operation of the act of 1850, which was confined to entries and written memoranda, and the fact that the act of 1881 as to oral declarations is not affected, leads to the inference that such declarations in the opinion of the legislators could not be admitted " in favor of any person claiming under or from such deceased person." This legislation of 1887 was probably founded upon a doubt as to the proper limit for admitting the entries and memoranda in question, but it is by no means clear that the legislature considered that the original act confined the evidence to personal representatives. Twenty-two years before this act was passed this court in *Bissell* v. *Beckwith* had construed the original act as including devisees, and this presumably was known to the framers of the amendatory act, so that its purpose seems to have been to extend the act in case of entries and written memoranda

even further than devisees—to persons who did not pretend to occupy the position of representatives of a deceased person, but were simply claimants of title under such person, however it might have been obtained.

But both the purpose and meaning of the act of 1887 are somewhat obscure, and we do not intend our suggestion as indicating our final views of its true construction. We have made this reference to it in order to show that the implication derived from this act as to the meaning of "representative" in the original act is too uncertain to outweigh the opposing considerations in favor of the construction we have given.

There was no error in the ruling complained of.

In this opinion the other judges concurred.