DWIGHT G. BAXTER vs. ALEXANDER CAMP.

Third Judicial District, Bridgeport, Oct. Term, 1898.   ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

| 71 | 245 |
| 71 | 425 |
| 71 | 245 |
| 72 | 62 |
| 72 | 68 |
| 71 | 245 |
| 73 | 398 |
| 73 | 595 |
| 71 | 245 |
| 76 | 219 |
| 76 | 283 |
| 76 | 474 |
| 71 | 245 |
| 77 | 44 |
| 77 | 287 |

A third person cannot maintain an action upon a simple contract merely
   because he would receive a direct benefit from its performance.
   Certain classes of cases which are sometimes alluded to as forming
   exceptions to this rule can, with at least equal propriety, be deemed
   illustrations of its rightful application under exceptional conditions.
A woman married in 1883 furnished money to her husband for use in
   his business, and afterwards he signed and delivered to her his
   promise to pay $800 after her decease, to the plaintiff, her son by a
   former marriage, if he was then living, and if not, "to her next
   heirs to the property." After her death her son sued the husband
   for a breach of this promise. Held that the instrument could not
   be regarded as having been executed for the direct, sole and exclu-
   sive benefit of the plaintiff, nor as in the nature of a family settle-
   ment, but rather as an adjustment of an unsettled account in the
   immediate interest of the wife, together with provisions designed
   to serve the purpose of a testamentary disposition; and that the
   only person who could sue at law for the non-performance of this
   promise was her executor or administrator. Held also, that if the
   plaintiff could maintain a suit for equitable relief, and an account,
   such accounting could only be had in a suit to which the personal
   representative of the deceased wife was a party.
Where a single cause of action arises out of a single transaction, there
   is no propriety in dividing its statement into two counts.
If separate claims for relief are made in a complaint containing several
   counts, they should be inserted at the end of the complaint rather
   than immediately after the count to which they are supposed to be
   appropriate.
A complaint which merely sets forth an indebtedness by note and seeks
   to recover the amount thereof, shows no ground for an accounting
   or other equitable relief.
The defendant offered to show that he had expended for his wife's last
   sickness and funeral expenses more than the $800 which he had
   promised her to pay to the plaintiff, and that the only property he
   owned during the latter years of his wife's life was the small farm
   on which they resided. Held that as between the present parties
   to the suit this evidence was properly excluded as not within the
   issue.
Section 1094 of the General Statutes, which permits relevant declarations
   of the deceased to be given in evidence, applies only in favor of
   those who sue or defend in the interest of the estate, either as per-

sonal representatives, heirs and distributees, or purchasers by will; and does not embrace purchasers by contract.

A statement as to the consideration and origin of a note, made by the payee when delivering it to another, is a mere narrative of a past event and inadmissible as part of the *res gestæ* attending such delivery.

A witness cannot be corroborated by proof that he had previously made similar statements.

The defendant's signature to the writing in suit had plainly been erased, altered or canceled; and he testified that he canceled it with his wife's consent. *Held* that the plaintiff was bound to prove either an existing signature of the defendant, or that the erasure or cancellation was made without the consent of the then owner of the instrument. The admission by the defendant that it was canceled by him after its delivery, raised no presumption against his authority in so doing.

The term " burden of proof" defined. When taken in the sense that the plaintiff must prove his allegations, if denied, it never shifts.

Argued October 26th—decided November 29th, 1898.

ACTION to recover damages upon a written instrument in the nature of a promissory note, or for other proper relief, brought to the Court of Common Pleas in New Haven County and tried to the court, *Bishop, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *Error and new trial ordered.*

The finding showed these facts : The defendant was married after 1877 to Edith E. Smith, who then had one child, the plaintiff. She furnished him money to use in his business, and he made a will in her favor. She expressed a fear lest he might change it, and he thereupon executed and delivered to her the following paper: —

" MADISON, June 20th, 1887.

"I do promise to pay my wife's son, Dwight G. Baxter, the sum of eight hundred dollars after her decease, if living, if not to her next heirs to the property, without interest till after her death. ALEXANDER CAMP."

Afterwards, on finding that she had a fatal disease, she gave the paper to the plaintiff, saying the defendant would pay it and there would be no trouble about it. He gave no

consideration to the defendant for it. After her death, he demanded payment, which was refused.

On the trial, the defendant testified that he canceled his signature to the paper immediately after it was made, and did so with his wife's consent. The paper, when produced in evidence by the plaintiff, bore, on its face, evidence of erasures upon that part of it covered by the signature ; and also showed either that several crosses with ink had been written over the signature (or over a previous signature in the same place, which had since been retraced or rewritten), or that the present signature had been written over such crosses. It was impossible to tell which of these things had been done. The court thereupon held that the burden of proof was on the defendant to show that after the execution and delivery of the paper to his wife, he had erased his signature with her knowledge and consent; and that he had not fulfilled that burden. In coming to this conclusion the court took into consideration the fact that the wife gave the paper to the plaintiff, and her remark made on that occasion.

As tending to show that she did authorize such cancellation, the defendant offered evidence that he had paid more than $800 for the expenses of his wife's last sickness and funeral, and also that during her last years and ever since, he had had no property except a farm in Madison on which they lived, of small value. This evidence was excluded.

He also produced a witness by whom he offered to show, to corroborate his, the defendant's, testimony about the note, that he had long before told the same story to the witness. This was also excluded.

Witnesses for the plaintiff were allowed to testify, against the defendant's objection, that his wife, after learning the fatal nature of her disease, told them that she had lent money to the defendant, and that he had given her a note for it.

Claims were made by the defendant and overruled, that the paper was not a note, that no indebtedness existed from the defendant to the plaintiff, and so that, if any action would lie, it must be one by the administrator of the wife's estate.

*Henry G. Newton*, for the appellant (defendant).

*Oswin H. D. Fowler*, for the appellee (plaintiff).

BALDWIN, J. The main question in this case is whether an action upon a simple contract, by the performance of which a third party would receive a direct benefit, can be maintained by him.

The general principles, upon the application of which the answer must depend, are well settled. Briefly stated, they are these : An action at law for the breach of a contract can only be brought by a party to the contract. It rests on a violation of an obligation to the plaintiff which the defendant had assumed and promised him to perform. If the contract does not state in express terms to whom the promise is made, the law declares that it is made to the person from whom proceeded the consideration by which it is supported. *Treat* v. *Stanton*, 14 Conn. 445, 451. If it names a party to the contract as the promisee, a third party may maintain an action, the contract not being under seal, on proof that the other acted in the transaction merely as his agent; and so assumpsit may be maintained against such a party, though the contract with the agent be under seal, if the principal's interest appears upon its face, and he has accepted the benefit of its performance. *Briggs* v. *Partridge*, 64 N. Y. 357, 364.

There are certain classes of cases which are often treated as establishing exceptions to these rules of decision, but which can, with at least equal propriety, be deemed illustrations of their rightful application under exceptional conditions.

One class, found mainly in the older English reports, and unsupported by the later ones, springs out of contracts in the nature of marriage or family settlements, under which a direct benefit is secured to children or other near relatives. Here the unity of the family has been taken into account, and the consideration of marriage deemed to extend to its issue.

Another class embraces promises of a certain kind, made to one man for the direct, sole, and exclusive benefit of an-

other.   Thus $C$ may sue for money paid to $A$ for his use by
$B$, when it was part of their agreement that the payment and
its object should be communicated to him.    Here $A$ is in the
position of a forwarding agent for $C$, and when the latter
is informed of the transaction and assents to it, this may be
properly treated as a ratification.    There are other instances,
including bailments in trust or to hold for a third person,
under circumstances implying the assumption of a specific
duty towards him, that cannot be brought under the law of
principal and agent, under which an equitable action, at
least, can be sustained by one not a party to a contract, to
secure its benefits; but the remedy can never be pressed
beyond the right, and can seldom, if ever, extend to a
stranger to the consideration, who is not in some relation
of privity with the nominal promisee.    *Treat* v. *Stanton*, 14
Conn. 445; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*,
29 id. 374; *Clapp* v. *Lawton*, 31 id. 95; *Meech* v. *Ensign*, 49
id. 191; *National Bank* v. *Grand Lodge*, 98 U. S. 123; *Ex-
change Bank* v. *Rice*, 107 Mass. 37; *Tweddle* v. *Atkinson*,
1 B. & S. 393; Pollock on Contracts, Chap. V.    Unguarded
expressions are to be found in some of the earlier opinions
of this court, which countenance the broad proposition that
where a promise is made to one man for the benefit of an-
other, the latter may sustain a suit upon that promise; but
no such doctrine has ever been applied to govern our deter-
mination of a cause.    *Crocker* v. *Higgins*, 7 Conn. 342; *Steene*
v. *Aylesworth*, 18 id. 244, 252.

The contract which is the foundation of this suit was
made between a husband and wife, who married after the
Act of 1877, General Statutes, § 2796, went into effect.
The defendant had received money from her to use in his
business.    They evidently meant by this paper to state the
amount for which he was to be accountable; to preclude any
claim for interest upon it during her life; and to secure it
upon her decease to those nearest to her in blood, who would
naturally succeed to her estate.    The sum thus ascertained
is described as "property," and in the event of her surviv-
ing her son, was to pass in the ordinary lines of inheritance.

Such an instrument cannot be regarded as executed for the direct, sole and exclusive benefit of the plaintiff, nor yet as in the nature of a family settlement. Its immediate object was to protect the interests of his mother. It was the adjustment of an unsettled account, followed by provisions designed to serve the purpose of a testamentary disposition. It does not appear that the parties to the agreement intended or contemplated that the plaintiff should be informed of its existence during his mother's life. It does appear from its face that he could derive no benefit whatever from its provisions, should he not survive her. The only party who can sue at law for a failure to perform it is the personal representative of Mrs. Camp; and the claim made by the defendant in the Court of Common Pleas that, if any such action would lie, it must be one by the administrator of her estate, should have been sustained.

It would not be our duty to order a new trial on this account, if the error was one that could not have affected the appellant injuriously. Public Acts of 1897, p. 892, § 15. Such would be its character if the plaintiff could have maintained an action for equitable relief, and compelled the defendant, in that, to account to him for an amount equal to that of the damages which he has recovered in the judgment appealed from. But to any such action the administrator of Mrs. Camp's estate would be an indispensable party, and we cannot say that in one brought by him, or in which he was made one of the defendants, the same result would have been reached.

The present suit must be regarded as one sounding in damages only. The plaintiff has set forth his cause of action in two counts. The first is in the form of a complaint upon a promissory note; describing the paper which has been under consideration, as such, and making it an exhibit. The second states that the plaintiff is the son and sole heir of Mrs. Camp; that she owned separate property, which she transferred to the defendant on his giving her a note for $800, of which the exhibit is a copy; that she agreed to accept it, and did accept it in full satisfaction of her claim; that she afterwards de-

livered it to the plaintiff, and has since died; and that the defendant, though payment has been demanded, refuses to make it or to account to the plaintiff for said sums in any manner. To the first count is appended a claim for $900 damages; to the second, two claims: one for $900 damages, and one for "such other relief as is just and right in the premises."

There was no propriety in thus dividing the statement of the cause of action. Whatever cause there was for bringing suit arose out of a single transaction, and that was fully stated in the second count. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 564. Calling the exhibit a note did not make it such; nor was it material to the right of recovery whether it was or was not of that character.

It is also a violation of the rules of pleading, in any case of a complaint containing several counts, to append to each separate claims for relief. Such claims follow the complaint as a whole. The plaintiff is to state his whole case first, and then the relief which he seeks, whether it be of one or several kinds, and whether referable to all or to but one or more of the several counts.

The only possible ground for considering the relief asked in this action to be of an equitable nature, is the second claim. The rule on this subject is that "a party seeking equitable relief shall specifically demand it, as such, unless the nature of the demand itself indicates that the relief sought is equitable relief." Practice Book, p. 13, § 10. Nothing of that kind is indicated in either count. Each purports to be for the collection of an indebtedness by note, and neither the terms of the agreement, called by that name, nor the circumstances alleged, suggest any occasion for an equitable accounting.

As a new trial or a new suit may bring up again some of the questions as to the admission or weight of evidence which were made in the court below, and involved in the reasons of appeal, it is necessary to dispose of them, so far as may be, at this time.

Testimony as to what the defendant had expended for the

charges of his wife's last sickness and of her funeral, and of his narrow means, was properly excluded. It did not come within the issue; but we express no opinion as to whether these facts might not be taken into account in adjusting any demand against him in favor of her personal representatives or in which they may have an interest. As to that he has not been heard, and the occasion for considering it has not arrived.

There was error in the admission of Mrs. Camp's oral declarations. General Statutes, § 1094, only applies in favor of those who sue or defend in the interest of the estate, either as personal representatives, heirs and distributees, or purchasers by will. It does not embrace purchasers by contract. *Lockwood* v. *Lockwood*, 56 Conn. 106; *Pixley* v. *Eddy*, ibid. 336. Nor so far as concerns her remarks to the plaintiff, can they be deemed part of the *res gestœ* attending the delivery of the paper. They went to characterize or explain, not that act, but a prior transaction.

The witness's offer to corroborate the defendant's testimony, by proof of his previous statements to the same effect, was properly excluded. *Builders Supply Co.* v. *Cox*, 68 Conn. 380.

The instrument in suit, when produced in court, showed upon its face either that the signature had been crossed out, or that it had been written over a line of crosses such as are commonly used for canceling written words, or that it had been rewritten or retraced over a previous signature which had been first erased. Which of these things was true could only be disclosed by extrinsic evidence. The defendant took the stand and testified that he had crossed out his signature immediately after making it, and long before it came into the hands of the plaintiff. Thereupon the court ruled that, as he admitted that he made the crosses, he had the burden of proving that he made them with his wife's consent, and though he also testified that she gave this, found the fact against him.

The term "burden of proof" is an ambiguous one. It may be used to indicate the burden which rests on every party to a cause, presenting a claim for relief or pleading in avoidance, of going forward, if he be met by a traverse, and estab-

lishing what is well defined by an authoritative writer on the law of evidence, who has done much towards setting it in scientific form, as " the total proposition or series of propositions which constitute his disputed case." Thayer's Preliminary Treatise on Evidence, 380. It may also be used to denote a duty cast by law upon one party to meet and rebut the effect of some piece of evidence introduced by the other, by proof of what may suffice to overbear it in the mind of the trier.

In the finding in the present case it is obviously employed in the latter signification. The Court of Common Pleas held that the production of the paper in the condition in which it was, followed by the admission of the defendant that he had canceled his signature to it, cast upon him the duty of satisfying the trier that he canceled it with his wife's consent.

The burden of proof, so far as regarded the duty of going forward and establishing the execution of the instrument and its delivery to him bearing the defendant's signature, was on the plaintiff from first to last. Taking the term in this sense, it is true that the burden of proof never shifts. *Barber's Appeal*, 63 Conn. 393, 403. A party is always and continuously bound to prove his side of the case, if he is met by a traverse. But he may adduce some evidence to which the law assigns, *prima facie*, a certain degree of probative effect. In that event, his adversary comes under the burden of meeting the presumption thus raised against him by evidence of greater weight. If the document in suit, with the defendant's admission, sufficed in law to create a presumption that the signature was canceled without Mrs. Camp's assent, then the ruling in question was correct; and then only, since the other evidence relied on by the trial court as to the declarations of Mrs. Camp was improperly admitted.

There was no sufficient ground for any presumption either of law or fact which could throw upon the defendant the burden to which he was thus subjected. The plaintiff's case rested on a document, the defendant's signature to which had plainly been the subject of erasure, alteration, or cancellation. He was bound to prove that the defendant's signature

was still upon it, or else that it was upon it when delivered to Mrs. Camp, and had not since been canceled with her consent. The document did not, alone, establish either fact. Proof that the defendant canceled his signature raised no presumption that it was canceled without his wife's consent. Fraud is never presumed; and still less crime. The question presented for decision, as to whether the alterations were authorized or unauthorized, was simply beclouded by an appeal to the rules respecting burden of proof as applicable to presumptions arising in the course of a trial. It was to be decided in view of all the circumstances before the court, and guided by no other rule as to the *onus probandi* than that which requires a plaintiff, where the defense is a denial, to prove his case. *Bailey* v. *Taylor*, 11 Conn. *531.

There is error and a new trial is ordered.

In this opinion the other judges concurred.