## JAMES STAPLES, EXECUTOR, ET AL. *vs.* WILLIAM H. LEWIS ET AL.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

> The terms "representatives," "legal representatives," and "personal representatives" have no precise, determinate meaning, and the sense in which they are intended to be used must, in each particular case, be ascertained from the context, the subject-matter and the relevant surrounding circumstances.
>
> A testator after giving his homestead to his two sisters, "to be equally and jointly theirs, so long as they shall live," provided that at the death of either of them "dying without legal representatives," the homestead should become the absolute property of the surviving sister. *Held* that "legal representatives" must be construed to mean lineal descendants, and that upon the death of one of the sisters without children the fee in the homestead vested in the surviving sister.

Argued November 10th—decided November 29th, 1898.

ACTION to determine the adverse claims of the parties in and to certain real estate in Bridgeport, brought to the Superior Court in Fairfield County and reserved by that court, *George W. Wheeler, J.,* upon a finding of facts, for the consideration and advice of this court. *Judgment advised for the plaintiffs.*

The case is sufficiently stated in the opinion.

*Arthur M. Marsh*, with whom was *Goodwin Stoddard*, for plaintiffs.

*John C. Chamberlain* and *Frederic A. Bartlett*, for the defendant Mary J. Fairchild.

HALL, J. . The plaintiffs, as executors and residuary devisees under the will of Mary Wood, who died in 1897, claim title to certain real estate in Bridgeport. Mary Wood derived title to the estate in question by the will of her brother, John Lewis, who died in 1882. The following is the provision of the will of John Lewis, under which Mary Wood claimed the ownership of said property : —

" I give, devise and bequeath to my said sisters, Mrs. Mary Wood and Miss Sarah Jane Lewis, my homestead, it being a certain tract of land situated in the town of Bridgeport, containing about six acres, more or less, with the dwelling-house, barn and outbuildings thereon standing, to be equally and jointly theirs, so long as they shall live, and at the decease of either of them (my sisters before mentioned), who, dying without legal representatives, then the whole of said homestead, with all the appurtenances thereunto belonging, shall become and be the property of the surviving sister, to be hers, her heirs and assigns absolutely forever."

Sarah Jane Lewis died without children. She and her sister Mary Wood left nephews and nieces and grandnephews and grandnieces, who are the defendants in this action.

If Mary Wood, upon the death of her sister Sarah Jane Lewis in 1892, took a fee to the homestead, it is admitted that the plaintiffs have a valid title ; if not, the defendants take as next of kin. As the sole contingency upon which Mary Wood, as the surviving sister, would become the absolute owner, was the death of her sister without " legal representatives," the only question to be considered is, did Sarah Jane Lewis die without legal representatives ? The answer to that question depends upon the meaning to be given to those words in the will of John Lewis.

In their most comprehensive sense the words "legal representatives" include all persons who may lawfully represent another. Anderson's Dict. of Law. When used to designate those who represent deceased persons, they may embrace not only personal representatives, so-called because they succeeded to the personal estate of the deceased, but real representatives, who at common law acquired the rights and assumed the responsibilities of the deceased as to real property.

The terms representatives, legal representatives, and personal representatives of deceased persons, were used interchangeably, and primarily meant those artificial representatives, the executors and administrators, who by law represented the deceased, in distinction from the heirs who were the natural representatives. But, as under statutes of distribution executors and administrators are no longer the sole representatives of the deceased as to personal property, these words have lost much of their original distinctive force, and the terms representatives, legal representatives, and personal representatives, are used to describe either executors and administrators, children or descendants, next of kin or distributees, and devisees; and when not applied to those who represent deceased persons, they may mean trustees in insolvency and receivers.

When used in statutes these terms should be interpreted with reference to the intention of the legislature, "gathered from the entire language used in connection with the subject and purpose of the law." *Bissell* v. *Beckwith*, 32 Conn. 509, 516. When either of these terms is used to describe the representatives of deceased persons, it means either executors and administrators, or persons who in consequence of the death of the deceased take some portion of his estate. *Lockwood* v. *Lockwood*, 56 Conn. 106, 110. To determine the true meaning of the words representatives, legal representatives or personal representatives, when used in wills, the intention of the testator as gathered from the language of the entire will, read in the light of relevant circumstances, must be considered. In *Johnson* v. *Edmond*, 65 Conn. 492, 498,

which was a suit for the construction of a will, in holding
that the words legal representatives meant executors and
administrators, the court said: "It is one of those ambigu-
ous terms, the meaning of which can often be determined
only by the context and the situation of the testator with
reference to the natural objects of his bounty." In *Tarrant*
v. *Backus*, 63 Conn. 277, 284, in construing the same words
to mean executors and administrators, the court said: "If it
were necessary . . . to construe the term 'legal representa-
tives' as meaning next of kin, or those who would take under
the statute of distributions, . . . we should not hesitate to
do so." In *Lockwood* v. *Lockwood*, *supra*, it was held that
the grantee of a deceased person was not his representative,
within the meaning of the statute providing that in suits by
or against the representatives of deceased persons the dec-
larations of the deceased may be received in evidence. In
*Pixley* v. *Eddy*, 56 Conn. 336, this court held that a distribu-
tee was such representative within the meaning of the same
statute. In *Davies* v. *Davies*, 55 Conn. 319, it was held that
the words personal representatives, in the will which was the
subject of construction, meant next of kin. In *Farnam* v.
*Farnam*, 53 Conn. 261, in construing a will, it was held that
legal representatives meant the widow and heirs at law. In
*Bissell* v. *Beckwith*, *supra*, a devisee was held to be the repre-
sentative of a deceased person, within the meaning of the
statute concerning the admission in evidence of the entries
and written memoranda of deceased persons. In *In re Wil-
cox and Howe Co.*, 70 Conn. 220, in construing the Act pro-
viding that certain conditional sales should be absolute sales,
except as between the vendor and vendee or their "personal
representatives," we held that the latter words might include
trustees and receivers. In *Atherton* v. *Crowther*, 19 Beav. 448,
in which a clause of a will quite similar to that under discus-
sion was construed, the words personal representatives were
held to mean descendants. In *Abbott* v. *Jenkins*, 10 Serg. &
R. 296, the words legal representatives were said to mean
children.

It is clear from the cases cited, that these terms have not

of themselves a distinct, determinate meaning, but that the sense in which they are intended to be used must, in each particular case, be ascertained from the context, the subject-matter, and the surrounding facts ; and that when these make it apparent that neither the executor and administrator, nor all those who would take as next of kin or as distributees were intended to be described, either of these terms may be interpreted as referring to a particular kind or class of representatives, as children or grandchildren, or lineal descendants.

In the case at bar we think the words "legal representatives" should be construed lineal descendants, and that we should hold that it was the intention of the testator John Lewis, upon the death of Sarah Jane Lewis, without having had children, that the fee to the homestead should vest in the surviving sister, Mary Wood.

A construction of the will in question which would make the words "legal representatives" mean executors and administrators, would in our opinion be an unreasonable one.   To speak of one as upon his death leaving an administrator or executor, whose existence in such official capacity cannot begin until after the death of the person whose estate he administers, is both an unusual and inaccurate use of language. No reason suggests itself to us why John Lewis could have wished that the absolute ownership of the homestead by the surviving sister should be made to depend upon the appointment or non-appointment of an executor or administrator of the sister who should die first.   It would be absurd to believe that he intended to place it in the power of each of these sisters, by naming an executor in her will, to prevent the other from becoming the absolute owner of the homestead, or that it was his purpose that a Court of Probate by appointing an administrator of the estate of the deceased sister, might deprive the survivor of an estate in fee in this property.

To construe this term as meaning next of kin or those who would take under the statute of distribution, would be equally unreasonable.   She who died without next of kin could leave no surviving sister.   It is suggested that next of kin other

than the surviving sister was meant. To suppose that the testator contemplated the possibility of one of these two sisters, who had other brothers and sisters living and who was surrounded with nephews and nieces, dying without next of kin other than the survivor of the two, would be to impute to him a want of common intelligence. In that event there would have been no occasion to provide by will that the surviving sister, who would have been the only one akin to the testator, should take the fee to the homestead.

It is true that the will does not expressly provide what interest in this property any surviving children or grandchildren of that one of the sisters who might die first, should take. Though the testator may have failed to fully express his intention with reference to that contingency, we think it sufficiently clear from the entire will that he intended that if there were such surviving children or grandchildren, they should not be deprived of all interest in the homestead by the vesting of the fee in the survivor of the life tenants, and that he intended that upon the death of either of said sisters without lineal descendants, the survivor should become the absolute owner of this property.

Judgment is advised for the plaintiffs.

In this opinion the other judges concurred.