Argued February 27, decided March 11, rehearing denied April 8, 1913.

### MURPHY *v.* TILLSON.

(130 Pac. 637.)

**Executors and Administrators—Title of Heirs or Distributees—Personal Property.**

1. While, upon the death of the ancestor, the title to the real estate goes to the heir, subject to the right of the adminis-

trator to possession pending administration, title to the personal property passes directly to the executor or administrator; and hence the heirs or legatees have no right to the personal property until the close of the administration, except as derived through the administrator.

**Parties—Substitution—"Personal Representatives"—"Legal Representatives"—"Representatives."**
    2. Under Section 38, L. O. L., which provides that, in case of the death of a party, the court may, at any time within one year, on motion, allow the action to be continued by or against his "personal representatives" or successors in interest, the quoted words, as well as "legal representatives" and "representatives," mean "executors" and "administrators," and do not include those who take as sole residuary legatees.

From Multnomah: WILLIAM N. GATENS, Judge.

This action was begun by Dan R. Murphy against Prosper W. Smith, in which, after defendant's death, the court made an order refusing to continue the action as against Lydia G. Tillson and Anna B. Smith, and plaintiff appeals.                          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Murphy, Brodie & Swett, Mr. A. C. Middlekauff* and *Mr. R. K. Walton,* with an oral argument by *Mr. George A. Brodie.*

For respondents there was a brief over the names of *Messrs. Dolph, Mallory, Simon & Gearin,* with an oral argument by *Mr. Joseph Simon.*

MR. JUSTICE EAKIN delivered the opinion of the court.
    Plaintiff, on the 5th day of March, 1909, filed a complaint against Prosper W. Smith to recover the sum of $15,000 as commission for the sale of real estate upon a contract made with one Hoberg, which was by Hoberg assigned to the plaintiff. Prosper W. Smith was a nonresident of Oregon. Upon the filing of the complaint and the issuance of the summons, which was placed in the

hands of the sheriff on March 5, 1909, for service, a writ of attachment was duly issued and served upon the Southern Oregon Company by service of notice of garnishment upon R. E. Shine, secretary of said company, attaching all debts, moneys, and property in the company's hands belonging to Prosper W. Smith; that on May 5, 1909, Prosper W. Smith died testate. In his will he named L. C. Tillson and Anna B. Smith residuary legatees of all his property, and on April 29, 1910, on application of plaintiff suggesting the death of Prosper W. Smith, the court ordered that the action be continued against the said Tillson and Smith, the legatees and representatives of the said Prosper W. Smith, and that they be served with summons in the action. On April 30, 1910, an amended complaint was filed, naming L. C. Tillson and Anna B. Smith as defendants in the action. Whereupon defendants appeared specially for the purposes of the motion, and moved to vacate the order made April 29, 1910, continuing the action against the personal representatives of Prosper W. Smith, for the reason that they were not proper parties defendant, which motion was allowed by the court. The plaintiff appeals.

1. There is but one question that we deem important to consider, namely: Can the action be continued against L. C. Tillson and Anna B. Smith individually, as being the sole residuary legatees in the will of the said Prosper W. Smith, deceased? Section 38, L. O. L., provides:

"In case of the death * * of a party, the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successors in interest."

Plaintiff contends that the defendants Tillson and Smith are "personal representatives," within the meaning of this statute, for the reason that they are legatees of all of Smith's property, or at least they are successors in interest to the property of Smith. This court

has frequently held that upon the death of the ancestor the title to the real estate goes directly to the heir, subject to the right of the administrator to possession pending administration, but that the title to personal property passes directly to the executor or administrator. Therefore the heir or legatee has no right to the property of the estate until the close of the administration, except as derived through the executor or administrator. It is said, in the case of *Winkle* v. *Winkle,* 8 Or. 195, that "it is a fundamental principle of the common law of this country that the personal property of deceased persons goes by operation of law to the administrator"; and under our statute it must be distributed by him under the orders of the county court. This holding is reiterated in *Weider* v. *Osborn,* 20 Or. 307 (25 Pac. 715), and in *Casto* v. *Murray,* 47 Or. 64 (81 Pac. 388, 884). In *Re John's Will,* 30 Or. 501 (47 Pac. 343: 36 L. R. A. 245), Mr. Justice WOLVERTON says:

"Their probate [wills] has become a necessary process to the establishment of title to either style of property, and is effectuated by the same method and in the same court. * * Accordingly it has been held, under the statutes of this State, that the transfer of the title to the personal property of deceased persons is accomplished through the sole instrumentality of the court."

And we find in the case of *State* v. *O'Day,* 41 Or. 500 (69 Pac. 544), the following:

"The personal property of a decedent goes by operation of law to the administrator, and the title thereto must be derived through him."

Williams, Executors (page 485), says:

"The general rule is that all goods and chattels, real and personal, go to the executor or administrator. By the laws of this realm, says Swinburne, as the heir hath not to deal with the goods and chattels of the deceased, no more hath the executor to deal with the lands, * * the whole personal estate of the deceased vests in the executor or administrator."

2. Plaintiff contends that the term "personal representatives," as used in Section 38, L. O. L., does not have reference to executors or administrators alone, but includes those who succeed to the estate, relying upon decisions in the State of Connecticut, and references to Bouvier's Law Dictionary. In *Staples* v. *Lewis,* 71 Conn. 288 (41 Atl. 815), cited by plaintiff, in referring to the term "personal representatives," the court says: ·

"But as under statutes of distribution executors and administrators are no longer the sole representatives of the deceased as to personal property, these words have lost their original meaning."

That language can have no bearing on the terms as used in our statute, where it has not lost any of its significance; but the legal representative of the estate of a deceased person is the executor or administrator appointed by the county court. 18 Am. & Eng. Enc. Law (2 ed.), p. 813, defines the term:

"The primary and ordinary meaning of the term 'legal representatives,' 'legal personal representatives,' 'personal representatives,' and 'representatives' is executors and administrators, and in the absence of anything to show a contrary intent they must be so construed."

That is especially true under our statute, where the title to the personal estate of the deceased person passes directly to the executor or administrator. If these defendants be substituted in place of Prosper W. Smith, such substitution will not give the court jurisdiction of his estate, as they are strangers thereto.

The judgment of the circuit court is affirmed, and the cause will be remanded to the circuit court for such other and further proceedings as to the court may seem proper, not inconsistent with this opinion.

AFFIRMED AND REMANDED.