RICHARD G. BOWNE ET AL. *vs.* SAMUEL L. IDE ET ALS.

First Judicial District, Hartford, March Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

308

Argued March 5th—decided June 13th, 1929.

310

*William A. King* and *Ernest C. Morse,* for the appellants (defendants).

*Samuel B. Harvey* and *John B. Harvey,* for the appellees (plaintiffs).

WHEELER, C. J.   Defendants' appeal assigns as error the overruling of their claim that the present action is not maintainable under § 5113 of the General Statutes.   Their claim is that the only appropriate remedy to redress the grievance which constitutes the plaintiffs' real cause of action—an unlawful entry and occupation of land—was an action of ejectment or trespass.   Defendants' answer to the complaint, without raising this point, was a waiver of their right to contest it.   But had they duly made the point it must have been overruled.   The action under the statute is one to determine conflicting claims as to any interest, lien, claim or title to real or personal property and to quiet and settle these claims and titles.   Since the amendment of this statutory remedy by Public Acts of 1915, Chapter 174, this action may be maintained by one out of, as well as by one in, possession of land.   *Gaul* v. *Baker,* 105 Conn. 80, 83, 134 Atl. 520.

The defendants' source of title is through a deed purporting to convey the interest of E. P. and Annie L. Child in the land which plaintiffs claim title to by virtue of a deed from the administrator of the estate of Mrs. Child. Upon the trial the plaintiffs, against defendants' objection, were permitted to testify that Annie L. Child, prior to her death, told them that she did not sign this deed through which defendants claim title. The trial court found that Mrs. Child never signed this deed and as a consequence that the title to this land was in the plaintiffs under the deed from the administrator of Mrs. Child.

The admission of these statements was upheld under General Statutes, § 5735, which provides: "In actions by or against the representatives of deceased persons, the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence."

"Representatives of deceased persons," as found in this statute, has for over forty years received the authoritative interpretation of this court. "It seems clear to us," we say in *Lockwood* v. *Lockwood*, 56 Conn. 106, 110, 14 Atl. 293, "that to constitute one a representative of a deceased person he must take some portion of his estate in consequence of his death, either as devisee or heir, or else he must be strictly a personal representative, as executor or administrator." The action here is, in effect, one between an alleged grantee of the deceased and a grantee of the administrator of the deceased in carrying out the contract of the deceased, which is the equivalent of a contest between successive grantees of the deceased under deeds made in her lifetime.

Later, while recognizing that the interpretation in *Lockwood* v. *Lockwood, supra,* was not within the strict requirement of this case, we reaffirmed it in

*Pixley* v. *Eddy,* 56 Conn. 336, 340, 15 Atl. 758, and also held the statute to be broad enough to include distributees and all personal and legal representatives. "Representatives of deceased persons" have not heretofore been, and cannot be, held to include a grantee in the situation the grantees of Mrs. Child were in; otherwise the words must be interpreted to include any owner whose chain of title might disclose a representative of a deceased person. Support for this interpretation of our statute will be found in: *Bissell* v. *Beckwith,* 32 Conn. 509, 516; *McClure* v. *Middletown Trust Co.,* 95 Conn. 148, 159, 110 Atl. 838; *Baxter* v. *Camp,* 71 Conn. 245, 252, 41 Atl. 803; *Staples* v. *Lewis,* 71 Conn. 288, 290, 41 Atl. 815; *Doolan* v. *Heiser,* 89 Conn. 321, 94 Atl. 354.

It is true that we said in *Baxter* v. *Camp, supra,* that this statute applies only "in favor of those who sue or defend in the interest of the estate." But this does not apply to the administrator who has carried out the contract of Mrs. Child nor tend to convert the present action into one by or against the representatives of Mrs. Child and so render admissible her oral declarations.

The defendant Stanhope's title is dependent upon the conveyance by deed dated August 24th, and recorded on August 31st, 1906, by A. P. and Annie L. Child to Dodge and Bemis. Only one witness appears upon the record as an attesting witness to the signature of Mrs. Child on this deed, and no acknowledgment of Mrs. Child to this deed appears upon the record of the deed. The defendants concede that these irregularities under § 5084 of the General Statutes would void this deed were it not that they had been cured by Validating Acts passed subsequent to the making and recording of this deed. It is undoubted that the legislature may cure the nonobservance of

an act it has prescribed. All of the Validating Acts passed since the alleged signing of this deed by Mrs. Child validate the signature of a party to a deed which is attested by one witness only, but none of these Acts passed prior to the bringing of this action, so far as we have observed, except those of 1919, 1923 and 1925, contain specific provisions validating a deed where no acknowledgment to the deed was taken. We are confronted with the question whether this deed could be validated, as the defendants claim, as to the use of one witness at one session of the legislature and then validated as to the lack of an acknowledgment at a succeeding session. We do not understand Validating Acts are intended to effectuate such a result. The legislative intent in the validation of irregularities in deeds is to validate a specific irregularity in a deed otherwise valid. Sometimes the words "otherwise valid" appear in the Validating Act, but sometimes not. But whether expressed or not, they are necessarily implied. In the 1919 Act, for example, it is provided that a deed shall be validated which has no seal; no witness; no acknowledgment, and also a deed which has not been signed provided the name appears in the acknowledgment. It could not have been the legislative intent that the validation of a deed with these four irregularities should take effect upon the passage of this Act. Each irregularity in a deed which is validated is a separate provision of this Act—validating the defect in a single particular in a deed otherwise valid.

The Validating Acts of 1923 (Chap. 276, Public Acts of 1923) and of 1925 (Chap. 268, Public Acts of 1925) provide expressly for the validating of deeds otherwise valid except that they have been attested by only one witness. They also provide for the vali-

dation of deeds without acknowledgment, but omit the phrase "otherwise valid" in relation to these. The Validating Acts disclose no reason for inserting this phrase as applied to acknowledgments in one Act and omitting it from the Acts of 1923 and 1925 while inserting it in the provision affecting the omitted consideration which was in the first sentence of the section containing the provision relating to the omitted acknowledgment. The explanation rests not in legislative intention but rather in defective draftsmanship. Obviously under neither Act could the lack of a witness to this deed be validated since it was not otherwise a valid deed.

We conclude that the Validating Acts did not validate the deed of Mrs. Child to Dodge and Bemis and that this deed, so far as concerns the purported conveyance of Mrs. Child, is void for lack of one witness and of the acknowledgment.

Mrs. Child retained the title to this land and shortly before her decease contracted with plaintiffs to sell them her interest in this land. Her administrator petitioned the Court of Probate for the district of Woodstock, representing that Mrs. Child in her lifetime had contracted to convey all the real estate owned by her in Woodstock which comprised the land contracted for upon payment of the balance of the purchase price, $850, and prayed the court to authorize him to convey this land in accordance with the contract and with § 5034 of the General Statutes. Thereafter the court ordered the administrator to convey the title to the real estate so contracted for with plaintiffs upon receipt of $850 in accordance with their agreement with the intestate, Mrs. Child. No bond was ordered by the court and none given by the administrator. The defendants claim that the sale by

the administrator without giving the bond required by § 5015 of the General Statutes as amended by Chapter 122 of the Public Acts of 1921, is void. The court may order the sale under this statute of the whole or any part of the real estate of the deceased and empower the administrator "to execute a conveyance of the same upon his first giving a probate bond to faithfully administer and account for the avails of such sale according to law. . . . The net proceeds of such sale shall be divided or distributed in the same manner as such real estate would have been divided or distributed if the same had not been sold." Because the fund is not a part of the personal estate "and therefore not covered by the bond of the administrator" the statute requires a sufficient bond on making the order of sale. *State ex rel. Moriarty* v. *Donahue*, 82 Conn. 308, 73 Atl. 763. The order of the court was not made under this statute, which concerns real estate, but under § 5034, which concerns personal property and authorizes the administrator "to convey the title of the deceased in any real estate to any person entitled to it by virtue of any contract of" the deceased. The proceeds of the contract are personal property and distributable as such; for his administration of these proceeds the administrator is liable upon his bond as administrator.

The estate of an owner of real estate under contract of sale, under the doctrine of equitable conversion, becomes in equity an estate in personalty and in case of his death before his contract is performed, or fully performed, the contract and the proceeds thereof are personal property or assets in the hands of his administrator or personal representative to be administered as the rest of his personal assets are administered. *Emery* v. *Cooley*, 83 Conn. 235, 76 Atl. 529; note, 34 Ann. Cas. (1914 D) p. 419.

The title to the land in question is in the plaintiffs under the deed from the administrator.

There is no error.

In this opinion the other judges concurred.