[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
On February 10, 1993, the court found that the assignment of a promissory note and mortgage by The Dime Real Estate Services — Connecticut to The Dime Savings Bank of New York, F.S.B., on August 18, 1986 (hereafter "8/18/86 assignment") did not vest title in The Dime Savings Bank of New York, F.S.B., as that assignment did not comport with Sec. 47-5 of the General Statutes. The assignment contained a defective acknowledgment. The court also found that the assignment of the same note and mortgage by The Dime Savings Bank of New York, F.S.B. to the plaintiff, Uptown Federal Savings Bank, on December 19, 1986 (hereafter "the 12/19/86 assignment") did not vest title in the plaintiff because it too was defective.
On February 22, 1993, the plaintiff filed a motion to reconsider arguing that the court should reverse its prior ruling and find that the plaintiff, in fact, has title to the mortgage due to the provisions of Special Act No. 89-6 of the General Assembly and Sec. 47-7 of the General Statutes. It. continued by asserting the provisions of New York statutory law relating to the conveyance of real estate which requires a deed of conveyance to either be acknowledged or attested by one witness which it argues entitles the plaintiff to judgment as a matter of law.
After reconsidering its earlier ruling, the court finds the following. According to General Statutes, Sec. 47-7, "any conveyance of real estate situated in this state . . . executed and acknowledged in any other state or territory in conformity with the laws of that state or territory relating to the conveyance of real estate therein situated or of any interest therein or with the laws of this state, is valid." Special Act No. 87-12, Sec. 3(a) provides:
 No . . . assignment or other instrument made for the purpose of conveying, leasing, mortgaging or affecting any interest in real property in this state and recorded Prior to the effective date of this act in the land records of the town in which such real property is located shall be deemed invalid, because any such . . . assignment or other instrument:
 (1) Was not acknowledged or was improperly acknowledged, or the person taking the CT Page 3608 acknowledgment did not have the authority to do so, or the authority of the person taking such acknowledgment was not properly stated or authenticated, or the date or place of such acknowledgment is not stated; . . .
 (3) Was attested by one witness only or by no witnesses; . . . .
"It was also pointed out in Bowne [v. Ide, 109 Conn. 307,314, 147 A. 4 (1929)] that the Validating Acts (see, for example, Special Act No. 89-6, S 3) cannot validate deeds such as are involved in this case, as these acts apply only to defective . . . [assignments] that have been duly recorded." (Citation omitted.) Boudreau v. Wozniak, Judicial District of Stamford, Docket No. 0100325S (July 31 1990, Lewis, J.).
However, although Sec. 47-7 and Special Act No. 87-12, Sec. 3(a) may well apply to the present case, this court was unable, and is presently unable, to consider their applicability. That inability arises out of the rubics of summary judgment. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book, Sec. 384. "The party moving for summary judgment `has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Mingachos v. CBS, Inc., 196 Conn. 91, 111; citing therein D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434. In the present case, to support the motion for summary judgment, the plaintiff submitted the affidavit of Denise A. Settineri, the Vice President of The Dime Savings Bank of New York, F.S.B. In the affidavit, Ms. Settineri sets forth that the August 18 assignment was "recorded August 22, 1986, in Volume 799, Page 774, of the Danbury Land Records," and the December 19 assignment was "recorded December 19, 1986, in Volume 856, Page 819 of the Danbury Land Records." In support of the affidavits, the plaintiff submitted copies of the assignments. These copies of the assignments were not certified, however, and do not adequately show when and where the documents were recorded. All affidavits, supporting any CT Page 3609 opposing, shall be made on personal knowledge; Evans Products Co. v. Clinton Building Supply Co., Inc., 174 Conn. 512, 514; "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Fogarty v. Rashaw, 193 Conn. 442, 444 n. 1; Practice Book, Sec. 381. (Emphasis added.) As a result,
 it should be noted that all of the copies of . . . [the assignments] and other exhibits submitted by the plaintiffs in support of . . . [its] motion . . . are not sworn or certified copies. In an action such as this one, in which evidence in the form of . . . [assignments] and the dates and descriptions contained therein play an essential role, it is important that copies of such documentary evidence be certified to ensure their integrity. By failing to attach `[s]worn or certified copies of all papers or parts thereof referred to in an affidavit', the . . . [plaintiff] . . . [has] not complied with Practice Book 381. Since such evidence plays an important role in an action such as this one, and since the plaintiffs bear the burden of proving the absence of a dispute as to any material fact, the court may determine that the . . . [plaintiff's] submission of uncertified copies of . . . [assignments] . . . constitutes the submission of evidence which a jury would be at liberty to disbelieve, thereby precluding the granting of the . . . [plaintiff's] motion.
Koscelek v. Martin, Judicial District of Ansonia/Milford, Docket No. 03 69 24S (July 8, 1992, Curran, J.).
Therefore, since the copies of the assignments are not certified, this court is unable to determine whether the documents fall within the ambit of the statute and special act. The plaintiff has failed to comply with Sec. 381 of the Practice Book and has not met the burden of showing an entitlement to summary judgment as a matter of law. The motion for reconsideration is granted and the relief requested therein is denied. CT Page 3610
Moraghan, J.