[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 113)
The motion for summary judgment now before the court challenges the standing of the defendant to raise a counterclaim sounding in breach of contract. For the reasons briefly explained below, the motion must be granted.
The plaintiff, Kapetan, Inc. ("Kapetan"), commenced this action 1996 against the defendant Housing Authority of the Town of Greenwich ("Housing Authority"). Kapetan's claim arises out of contracts that it entered into in 1986 with two different corporations: The Manor at Byram I, Inc. ("Byram I") and The Manor at Byram II, Inc. ("Byram II"). The purpose of these contracts was the construction of two housing projects in Greenwich. The Housing Authority administered the contracts. Kapetan alleges in its complaint that certain funds owed to it on the contracts are unlawfully being held in escrow by the Housing Authority. The merits of Kapetan's claim are not now before the court.
On September 18, 1997, the Housing Authority filed a counterclaim against Kapetan. The counterclaim alleges that Kapetan breached its contracts with Byram I and Byram II by failing to construct the housing projects in question in CT Page 7758 accordance with certain specifications. The Housing Authority seeks money damages for itself as a result of the alleged breach.
On March 23, 1998, Kapetan filed the motion for summary judgment now before the court. The motion attacks only the counterclaim. It proceeds on two different grounds: lack of standing and a claimed expiration of the relevant statute of limitations. (Because the court's discussion of standing is dispositive of the motion, it is unnecessary to address the statute of limitations issue.) The motion was argued on June 15, 1998.
The Housing Authority concedes, as it must, that it was not a party to either of the contracts in question. It has submitted no evidence, nor does it make any claim, that there was any kind of indemnification or suretyship agreement between it and any party to the contracts. Significantly, it conceded at oral argument that it was not making a third party beneficiary argument either. The Housing Authority candidly characterized its relationship with the actual parties to the contracts as "loose."
Unhappily for the Housing Authority, there's not much left to talk about. "The proposition that one who was neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract merits little discussion."Coburn v. Lenox Homes, Inc., 173 Conn. 567, 570, 378 A.2d 599
(1977). See Baxter v. Camp, 71 Conn. 245, 248, 41 A. 803 (1898). The Housing Authority, being neither a party to either of the contracts in question nor a contemplated beneficiary thereof, cannot sue to enforce the promises of those contracts.
The motion for summary judgment is granted
Jon C. Blue Judge of the Superior Court