Town of West Hartford *v.* The Thomas D. Faulkner Company.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued December 5, 1939—decided January 3, 1940.

*W. Arthur Countryman, Jr.*, for the appellant (defendant The Metropolitan District).

*Arthur E. Howard, Jr.*, with whom was *Richard H. Deming*, for the appellee (plaintiff).

HINMAN, J. The finding, which includes in substance the facts alleged in the complaint, sets forth the following facts: On the tax lists of the plaintiff town for 1929 to 1934 inclusive there were duly and legally assessed town and fire district taxes on four lots in a subdivision in the town of West Hartford and these lots were also subject to assessments for municipal

improvements. On June 28, 1935, the named defendant was the record owner of these lots and owed the town and fire district for these taxes and assessments, and the town and fire district had liens on the property. On that date the tax collector of the town and fire district made demand for these taxes and as they were not paid he sold the property at public sale to the highest bidder on or about February 13, 1936. A deed from the town to the purchaser at the sale was lodged in the town clerk's office within one week, remained unrecorded for one year when, no person having redeemed the lots, it was recorded in accordance with § 1227 of the General Statutes. After the sale, the collector caused to be released of record the liens representing these taxes and the town manager caused the liens for assessments to be released. The Metropolitan District, the appealing defendant, is the owner of record of certain incumbrances ranking equally with the public improvement liens and assessments but subsequent to the tax liens; the other defendants were the owners of incumbrances subsequent to the taxes and assessments.

It was alleged that in connection with the sale there were the following irregularities: "Five lots of real estate were included in one parcel in the advertisement; the consideration in the deed did not reveal the same amount of tax as was specified in the advertisement; a municipal assessment was included in the advertisement of the proposed sale for taxes; because of the inclusion of more than one lot of real estate in the same advertisement the taxes were not allocated in the advertisement to the particular lots therein described; the lots were not deeded to the purchaser in separate deeds but were all described in the same deed; fire district taxes were not segregated from town taxes either in the advertisement or in the deed; all

contrary to the provisions of § 1227 of the General Statutes." The town, in November, 1936, repaid the purchase price to the purchasers at the sale and received a quitclaim deed from them, and the town and fire district brought an action in the Superior Court to reinstate their liens, in which judgment was rendered April 23, 1937, granting this relief. On March 12, 1937, there was approved by the Governor an act, Special Laws, 1937, p. 540, a copy of which is appended in a footnote.[1] It is apparent that the existence of the alleged irregularities and defects in and in connection with the tax sale, which were later enumerated in the amended complaint and are repeated in the finding, and resulting invalidity of the sale motivated this special act. The appealing defendant, hereinafter called the defendant, concedes in its brief that "it is obvious that the validating act was drawn with the purpose of covering all the defects which existed in connection with the tax sale" and that "each irregularity recited in the complaint is specifically mentioned." It is equally apparent that the intent of the General Assembly in adopting it was to cure the defects enumerated in the act.

---

[1] Any sale made by the tax collector or collector of revenue of the town of West Hartford and of the fire districts therein, either as tax collector or collector of revenue or both, or any sale made by him for the purpose of collecting both unpaid taxes and unpaid municipal assessments, or any sale in which more than one parcel of property was sold and was conveyed by a single deed, or in which the taxes or assessments and improvement liens or both due on each parcel were not separately mentioned, or in which the sale of a part of any lot or parcel might have satisfied the taxes or assessments or both due thereon, or any sale in which the town and fire district taxes were included, or in which the town or a fire district of West Hartford, acting as an agent, bid in the property at such sale, or any sale made by him in which any irregularity or omission appears, either in the advertisement therefor or in the sale or in the deed conveying the property, is validated.

The defendant claims that, notwithstanding, the act as framed fails to effectuate that intent, relying upon certain statements in *Bowne* v. *Ide,* 109 Conn. 307, 312, 147 Atl. 4. However, even though those statements be sound as applied to the situation then before the court, we do not regard them as determinative here. In the first place the acts there referred to were general validating acts. (Public Acts, 1919, Chap. 320, Public Acts, 1923, Chap. 276, Public Acts, 1925, Chap. 268) such as are passed at each session and have general application in all instances to which they are appropriate. The relevant section (4) of each commences with a provision that all deeds and other instruments for the conveyance of real property "otherwise valid" except for the existence of defects or irregularities stated in clauses, set off from each other by semi-colons, in some of which the qualification "otherwise valid" is repeated and not in others, "are validated." The immediate question in *Bowne* v. *Ide* was stated to be whether a deed could be validated by these acts at one session as to the use of one witness and at a succeeding session as to lack of an acknowledgment. It was held (p. 313) that in those clauses where the words "otherwise valid" do not appear they were to be implied, and that each clause was to be construed as a separate provision validating the defect therein mentioned, if in a deed otherwise valid.

The act now under consideration is special, applicable to a tax sale in the town of West Hartford only. While it contains phraseology apparently derived from the general validating acts it makes no limitation to sales valid otherwise than in one of the specified particulars, nor are the several specifications separated, as in the general acts, by semi-colons, the effect of which is "to separate with more distinctness than

commas." Webster's New International Dictionary, 2d Ed. "Or" may be accorded the meaning of "and" where the obvious intention of the Legislature will thereby be effectuated. *Bordonaro* v. *Senk,* 109 Conn. 428, 430, 147 Atl. 136; 59 C. J. 986. In construing a statute in case of ambiguity, consideration is not to be confined to its language but may extend to the circumstances leading up to its enactment and the object appearing therefrom as sought to be accomplished. *Stamford* v. *Stamford,* 107 Conn. 596, 605, 141 Atl. 891; *Kelly* v. *Dewey,* 111 Conn. 281, 287, 149 Atl. 840; *Connecticut Rural Roads Improvement Asso.* v. *Hurley,* 124 Conn. 20, 25, 197 Atl. 90. "To arrive at the real meaning it is always necessary to take a broad general view of the act and to get an exact conception of its scope and purpose. It is a cardinal rule of statutory interpretation that the construction must, if possible, be such as will effect the real purpose for which the statute was enacted." *Merchants Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 655, 153 Atl. 789; Endlich, Interpretation of Statutes, 35-37. All the provisions are to be read and construed together. 4 Cooley, Taxation (4th Ed.) 3124; *Clementi* v. *Jackson,* 92 N. Y. 591, 594. Such enactments applying to the levy and collection of taxes are designed to obviate mere technical objections in the raising of revenue "thus placing the taxpayer who honestly owes his tax . . . on precisely the same footing as any other person who owes an honest debt. Nor should courts interpose objections to thwart the legislative will." *Beers* v. *The People,* 83 Ill. 488, 493; 4 Cooley, op. cit., 3125. The special act sufficiently expresses an intent to validate the tax sale in question as to the several defects specified therein, and as these are conceded by the defendant to include all those involved there is no occasion to determine the efficacy of the general con-

cluding clause which in terms embraces "any irregularity or omission appearing in the sale or in the deed"; nor is there need to resort to or determine the validity or effect of the provision in § 1229 of the General Statutes that no act done or omitted relative to the sale of property for taxes shall affect the validity of the sale unless the person contesting such validity shall show prejudice in some respect therein specified. It may be well to note, however, that the tendency in validating acts is said to be more and more toward detailed enumeration of the defects sought to be cured thereby. 4 Cooley, op. cit., 3124. See, also, id. 3127. In this state acts of municipal corporations are ordinarily validated only as regards specific defects. *Alderman* v. *West Haven*, 124 Conn. 391, 399, 200 Atl. 330.

The only one of the defects which the defendant claims was not within the power of the Legislature to cure by validation is that the sale was advertised and made by the collector of revenue for the collection not only of taxes but also of municipal assessments for benefits, whereas the West Hartford charter, § 85 (Special Laws, 1935, p. 451), provides that sales for the latter be made by the town manager or a constable of the town. Section 135, p. 465, provides that the collector of revenue (formerly tax collector) "shall have all the powers and perform all the duties which are or may be vested by statute in collectors of taxes." Even if § 85 be regarded as withdrawing from the collector the power of sale for such assessments, there can be no doubt that the General Assembly might, and usually does, empower a tax collector to make such sales. The rule is that the Legislature may validate retrospectively any proceeding which it might have authorized in advance, as well as the nonobservance of an act which it has prescribed. *Mattingly* v.

*District of Columbia,* 97 U. S. 687, 690; *Bowne* v. *Ide,* supra, 312; 11 Am. Jur. 1211. The "want of authority to act at all" which cannot be cured by subsequent legislation refers to a jurisdictional defect through lack of some essential element in legal taxation and does not extend to mere procedural irregularities and imperfections. *Montgomery* v. *Branford,* 107 Conn. 697, 705, 706, 142 Atl. 574; 4 Cooley, op. cit., § 1590. Procedural defects arising from want of authority in a municipal officer may be cured when the Legislature could have conferred the requisite authority by a prior statute. 16 C. J. S. 883. "The legislative power to prescribe such conditions, means, and methods in the assessment and levy, and for the collection, of taxes as it may determine, is undoubted. What it may prescribe it may dispense with, and it may by its Act cure the irregularity of a nonobservance of the requirements it might have dispensed with." *Whittelsey Co.* v. *Windsor Locks,* 90 Conn. 312, 315, 97 Atl. 316. Equally it may validate the acts of an official to whom it might have delegated the performance of such acts. The inclusion of the assessments in the sale by the collector was a proper subject for validation.

The foregoing considerations sustain the conclusions of the trial court that the General Assembly had the power to and did by the special act validate the specific irregularities and omissions set forth therein, that it is effective to validate the sale, and that the legal title to the real estate described in the complaint is now in the plaintiff town.

There is no error.

In this opinion the other judges concurred.