JOHN BANIA *v.* TOWN OF NEW HARTFORD

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued June 5—decided July 31, 1951

*Louis Shapiro,* for the appellant (plaintiff).

*H. Roger Jones,* for the appellee (defendant).

BROWN, C. J. This is an action for a declaratory judgment determining whether the plaintiff has a right under his restaurant liquor permit to sell liquor on his premises in New Hartford on Sunday. The case was submitted to the trial court upon a stipulation of facts. The court rendered judgment for the defendant, denying the plaintiff's claimed right and incidental contentions. The plaintiff has appealed.

The court's decision involved a determination of the effect to be accorded the action taken by certain meetings of the defendant town pursuant to § 979e of the 1939 Supplement to the General Statutes and amending statutes. The statute as amended (Sup. 1949, § 438a) provides that Sunday sales shall be unlawful except on December 31 or January 1, "except that any town may, by a vote of a town meeting or by ordinance, allow the sale of alcoholic liquor on Sunday between the hours of twelve o'clock noon and nine o'clock in the evening in hotels, restaurants and clubs." The underlying question determinative of the appeal is whether the word "and" as used in the phrase "hotels, restaurants and clubs" is to be construed in the conjunctive sense, as contended by the plaintiff, or in the disjunctive, as claimed by the defendant.

We summarize the material facts. The plaintiff owns and operates a restaurant in the town and under a restaurant liquor permit is entitled to sell liquor as provided by law. On July 12, 1945, the defendant at a special town meeting, duly warned to act upon whether "to allow the sale of alcoholic liquor on Sunday between the hours of twelve o'clock noon and nine o'clock in the evening in hotels, but not at any bar," pursuant to § 979e of the 1939 Supplement, by written ballot adopted a resolution that "all persons operating places within the Town of New Hartford under a hotel permit as provided by the Liquor Control Act as amended shall be allowed to sell alcoholic liquor on Sunday" as limited by the words quoted above. At the time, one hotel, two package liquor and two tavern permits for the sale of liquor in the town had been issued and were in effect. On September 30, 1946, the defendant at its regular annual meeting, duly warned to act upon whether to allow "the sale of alcoholic liquor on Sundays between the hours of twelve o'clock, noon, and nine o'clock in the evening in restaurants, but not at any bar," by written ballot voted 91 to 39 against the adoption of a resolution to allow such sale, and the motion was declared lost. At a special town meeting held on November 18, 1949, an attempt to procure a vote to allow Sunday selling "in hotels and restaurants" proved abortive and does not affect the question for determination.

The court concluded that the statutory provision in question is to be construed in the alternative, so that a town is not required, upon an affirmative vote, to allow Sunday sales by all three types of permittee but may permit such Sunday sales in hotels only; that the town meetings referred to above were properly called, conducted and concluded; that the action taken thereby was according to law; and that the plaintiff does not

have the right to sell alcoholic liquor in his restaurant on Sunday.

An action for a declaratory judgment is a special statutory proceeding under § 644a of the 1949 Supplement, implemented by the rules in §§ 249 and 250 of the Practice Book. *Newington* v. *Mazzoccoli,* 133 Conn. 146, 150, 48 A. 2d 729. The relief thus afforded is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purpose underlying such judgments. *Sigal* v. *Wise,* 114 Conn. 297, 301, 158 A. 891; *Connecticut Savings Bank* v. *First National Bank,* 133 Conn. 403, 409, 51 A. 2d 907. The object of the action is to secure an adjudication of rights which are uncertain or in dispute. *Hill* v. *Wright,* 128 Conn. 12, 15, 20 A. 2d 388. The complaint must allege such uncertainty or dispute and set forth the facts necessary for the determination of the question. It must also contain facts sufficient to show that the question is not moot and that the plaintiff is a proper party. However, in an action for a declaratory judgment we are not limited by the issues joined or by the claims of counsel. *Stueck* v. *G. C. Murphy Co.,* 107 Conn. 656, 661, 142 A. 301. Under § 250 of the Practice Book, a prerequisite to resort to the action is that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties. This provision means no more than that there must appear a sufficient practical need for the determination of the matter, and that need must be determined in the light of the particular circumstances involved in each case. *Connecticut Savings Bank* v. *First National Bank,* supra. We are guided by these principles in dealing with the record before us. While the questions presented to the trial court under the plaintiff's claim for a declaratory judgment lack the clarity of specific statement which is desirable where such a judgment is sought, they suffice

to warrant our passing upon the fundamental and controlling inquiry: whether under § 979e of the 1939 Supplement the vote of the July 12, 1945, town meeting was operative to allow the sale of alcoholic liquor thereafter on Sunday under a restaurant as well as under a hotel permit, and whether the vote of September 30, 1946, was effective to prevent the sale of liquor by the plaintiff on Sunday under his restaurant permit. To state it another way, the question is whether under the statute the town meeting must vote on the Sunday sale of liquor in hotels, restaurants and clubs as a unit, or whether it may vote as to any one of the three separately and singly. While the finding fails to show that the plaintiff had a restaurant permit when either of these votes was passed, he is entitled to have his rights determined upon the facts existing at the time the case was tried. *Newington* v. *Mazzoccoli*, supra.

Whether the word "and" in the statute is to be construed in the conjunctive or the disjunctive sense is determinative of the validity of the calls and votes of the town meetings concerning Sunday sales and also of the claim of the plaintiff of an existing right in him to sell on Sunday. His principal claim is that the word should be construed literally and so in the conjunctive sense because it signifies "that something is to follow in addition to that which precedes." 3 C. J. S. 1067. To effectuate the intention of the legislature, however, "and" may be construed to mean "or." 3 C. J. S. 1068. What the legislative intent expressed by the phrase "hotels, restaurants and clubs" as used in the statute is cannot be determined by resort to a definition of the word "and" per se but must be deduced from a consideration of the several pertinent statutory provisions indicative of the policy of the state in conferring upon each town certain rights of local option as to the sale of alcoholic liquor within its borders. *Chambers* v.

*Lowe,* 117 Conn. 624, 626, 169 A. 912; *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 81, 20 A. 2d 455; *Giammattei* v. *Egan,* 135 Conn. 666, 668, 68 A. 2d 129; *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 559, 53 A. 2d 655. The "reason and purpose of the legislation as shown by its provisions may well be more significant than technical definitions in determining the meaning of the particular words employed." *Hartford Electric Light Co.* v. *McLaughlin,* 131 Conn. 1, 5, 37 A. 2d 361; *Snyder* v. *Reshenk,* 131 Conn. 252, 257, 38 A. 2d 803; *West Hartford* v. *Thomas D. Faulkner Co.,* 126 Conn. 206, 211, 10 A. 2d 592.

In considering other relevant statutory provisions which illuminate the legislative intent expressed by the phrase in question, it is to be had in mind that the liquor traffic is a business which admittedly may be dangerous to public health, safety and morals, and that because of this fact the legislature's power to regulate it is much broader than in the case of an ordinary lawful business essential to the conduct of human affairs. *Francis* v. *Fitzpatrick,* 129 Conn. 619, 622, 30 A. 2d 552; *Moynihan's Appeal,* 75 Conn. 358, 365, 53 A. 903. It was pursuant to this power that the legislature enacted the Liquor Control Act (General Statutes, c. 204), of which the section in question is a part. The act endows the liquor control commission with broad powers as to permits and regulations and prescribes penalties for violations. While these provisions are statewide in their application, they are subject to specifically defined local option powers granted to all of the 169 towns in the state. These powers were apparently conferred in recognition of the traditional independence of the towns and are obviously calculated to afford, for each, home rule as to the liquor business within its own borders to the extent prescribed. Thus part 3 of the act, entitled "Local Option," authorizes the town to deter-

mine by vote in town meeting whether the sale of alcoholic liquor shall be permitted in the town, whether the sale of beer only shall be permitted, or whether the sale of neither shall be allowed. It further provides, in § 4234, that "any liquor permit granted in such town which is not in accordance with such vote shall be void except manufacturer permits and railroad permits." In addition to this right to determine within the limits stated whether any, and if so what kind of, permit shall be allowed, each town, when a permit has been allowed, has the further power under § 438a of the 1949 Supplement to reduce the number of hours during which sale shall be permitted under it as well as to determine whether Sunday sales shall be allowed "in hotels, restaurants and clubs" under the provision in question in this case.

The only reasonable interpretation of these provisions for control by the town of the liquor traffic within its confines is that they express the purpose of the legislature to allow the voters of the town to determine whether the sale of alcoholic beverages shall be permitted at all within the town under other than a manufacturer or railroad permit and if so during what hours on weekdays and by what class of permittees, if any, on Sundays. This power so delegated to the towns, like the state's broad power of regulation referred to above, is to be liberally construed to sustain the town's right to protect its inhabitants against probable harmful effects of the liquor traffic, whether it decides that these are more likely to ensue from Sunday sales by one type of permittee rather than another or for some other reason which it deems sufficient. The full realization of this purpose requires that "and" as used in the provision in question be interpreted as meaning "or," and we so construe it. *State ex rel. Ryan* v. *Bailey*, 133 Conn. 40, 45, 48 A. 2d 229; *West Hartford* v. *Thomas D. Faulkner*

*Co.,* 126 Conn. 206, 211, 10 A. 2d 592; *Bordonaro* v. *Senk,* 109 Conn. 428, 430, 147 A. 136. The use of the word "and" was correct to express the purpose of the legislature that any town might permit Sunday sales under any or all of the three permits named. If the word "or" had been used, the claim might be made that the legislative intent was that any town could permit such sales under any one of the classes of permits named but not under more than one of them. Neither the fact that the word "or" is used in the disjunctive sense in other provisions of the act nor the fact that other towns, in permitting Sunday selling, have failed to differentiate between sales under hotel, restaurant or club permits requires a contrary conclusion. Since the provision as to Sunday selling does not require that such privilege be granted to more than one type of permittee and the defendant town has never voted the privilege to the plaintiff, he has no right to sell liquor in his restaurant on Sunday.

There is no error.

In this opinion the other judges concurred.