[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Factual Background
On May 18, 1993, the defendant, Frank R. Frumento, submitted an application to the defendant, West Haven Zoning Board of Appeals, for a special exception regarding a vacant lot located at 26 Circle Street and Circle Street abandoned in the City of West Haven. At the same time he submitted an application for property at 30 Circle Street, the subject matter in Docket No. CV 93-0349799 and an application for property located at 40 Circle Street, the subject matter in Docket NO. CV 93-0349798. The only difference between the three applications which might affect the outcome of the appeal in each case was that the property at 26 Circle Street and 30 Circle Street each would have 12-1/2 feet of frontage; the property at 40 Circle Street would have 52.81 feet of frontage. In all other respects the legal issues presented are identical and the plaintiffs and defendants are identical.
In the absence of the special exception these properties located in an R-2 zone require 60 feet of frontage and 8,000 square feet for each lot. Although the square footage of the three lots varies, it is undisputed that in each case the square footage is clearly in excess of the required 8,000 square feet.
Ordinarily the lots in question would be unbuildable because of the absence of the required frontage and if the lots were to be used, a variance would be required. However, Section 10-4.4 of the West Haven Regulations allows special exceptions in residential districts under certain circumstances. These exceptions may be granted by the zoning board of appeals. The regulations provides in pertinent part:
"A. VACANT LOTS CT Page 2162
 The Zoning Board of Appeals may grant a Special Exception to the bulk requirements for any lot which does not meet all of the requirements of Section 2-3.2 only as permitted herein below. The Board shall hold a public hearing on the application for such Special Exception and may, in its discretion, grant a special exception only after making the following findings and upon setting the following conditions: . . ."
There then follows seven conditions set forth in seven numbered paragraphs. The first condition requires a general configuration similar to at least 75% of the lots in the area. The third condition requires that the proposal meet all bulk and area requirements other than frontage and square footage requirements. The fourth condition allows the Zoning Board of Appeals to impose certain additional restrictions. The fifth condition prohibits the use of this special exception if a variance is involved. And, the seventh condition allows certain yard requirements to be varied by no more than 10%.
The conditions which are of most importance in the case before the court are the second and sixth conditions. The regulation provides in paragraph 2 as follows:
 "The non-compliance relates to Minimum Lot Area or Minimum Street Frontage and further provided that the lot has at least 80% of the required Area and/or Frontage;"
Paragraph 6 provides:
 "There has been no prior merger of the lot with an adjoining lot."
Merger is defined in the West Haven Regulations on page 10 as follows:
 "MERGER: A lot shall be construed to have been `merged' with an adjoining lot under the `doctrine of merger' whenever two or more parcels of land are consolidated through a combined use, by common owner(s). One or more lots shall have been merged by the establishment CT Page 2163 of any accessory use on a parcel of land contiguous with the parcel on which the principal building is located."
On June 16, 1993, the Board held a public hearing to consider the application for the special exceptions submitted by Frank Frumento. Following the public hearing the board granted each of the three requested special exceptions.
Aggrievement
Aggrievement was essentially uncontested at the hearing and the evidence presented was sufficient to establish that the plaintiffs are aggrieved.
Issues
The plaintiffs raise four main issues.
I. The property does not meet the 80% minimum street frontage requirement necessary to obtain a special exception under Sec. 10-4.4A2.
II. The property is not of the same size and configuration as 75% of the lots on both sides of the street in the block in which the lot is located, as required by the regulation.
III. The property is part of a nonconforming use and merged with the adjacent properties thereby precluding a special exception.
IV. The regulations are invalid if they allow for a special exception for property with more than a minor deviation from the applicable bulk and area requirements.
Holding of the Court
The court finds from a complete review of the record that the West Haven Zoning Board of Appeals could have reasonably found that the lots in question were of the same size and configuration as 75% of the lots on both sides of the street in the block.
The court also finds that the lots in question had not merged. The court observes that merger is often used in relation to arguments concerning nonconforming lots. Principles of nonconformity are unrelated to the matter before this court at this CT Page 2164 time. There is no claim that any of the lots are nonconforming but rather a claim that the lots are entitled to a specific special exception authorized by Sec. 10-4.4A. While it may be permissible for town zoning regulations to involuntarily merge adjoining lots when they are in common ownership, at least in relation to their viability as nonconforming lots, West Haven in its clear definition of merger on page 10 of the regulations, ties merger to consolidation through intentional combined use by common owners. All of the lots in question in the instant case are vacant and the West Haven Zoning Board of Appeals had sufficient evidence before it to conclude that there was no combination by reason of use. Therefore, the Zoning Board of Appeals could reasonably conclude that no merger occurred.
The plaintiffs' most fundamental argument is that the claimed special exception is really a variance without the requirement of hardship. A special exception under Connecticut law allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. A. P. W. Holding Company v. Planning and Zoning Board, 167 Conn. 182, 185 (1974). A variance allows a property owner to use his property in a manner not authorized by the zoning regulations when "owing to conditions especially affecting such property but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured . . . ." Conn. General Statutes 8-6. In essence, the plaintiffs argue that Sec. 10-4.1 of the West Haven Regulations turns a variance into a special exception and in doing so eliminates the requirement of a showing of hardship. The court does not agree with the plaintiffs' claim in this respect. Section 10-4.4 pertaining to vacant lots specifically authorizes the Zoning Board of Appeals to grant special exceptions and sets forth the requirements for the granting of those exceptions. If an applicant comes within the requirements of the section, the applicant is using its property in conformity with the zoning regulations and not at variance with the regulations. It is undoubtedly true that the city could repeal or could have never passed Sec. 10-4.4 and so leave the question of insufficient frontage or square footage to be resolved on a case by-case basis by application for variance and a showing of hardship. However, the city has chosen to incorporate Sec. 10-4.4 into its regulations and the court sees no reason to find the section illegal or invalid. CT Page 2165
The final issue facing the court is the meaning of condition 2 of Sec. 10-4.4. That condition reads as follows:
 "2. The noncompliance relates to Minimum Lot Area or Minimum Street Frontage and further provided that the lot has at least 80% of the required Area and/or Frontage . . ." [emphasis supplied]
The court recognizes that a variance permits a land owner to use his land in a way otherwise forbidden under the regulations. Connecticut Land Use, Tondro, page 177. A special permit is used in those cases where a use is permitted under the regulations and must be granted if the standards of the regulations are met. A.P. W. Holding Company v. Planning and Zoning, 167 Conn. 182 (1974). When one examines the distinct difference between a variance and a special exception, it is clear that for a special exception to be appropriate, reasonably definitive standards must be promulgated. The court must be able to determine what was intended when the regulation was written.
In the instant case the court is required to determine whether the 80% rule must apply to both square footage and frontage or whether in view of the use of the term "and/or" it is sufficient that 80% of one or the other be present. It is acknowledged that on all lots the square footage is in excess of 100% of the requirement. However, only the lot located at 40 Circle Street exceeds 80% of the frontage. For the lots located at 26 Circle Street and 30 Circle Street the frontage is far less than 80%.
The Supreme Court struggled with the frequently confusing "and/or" terminology in Mack v. Perzanowski, 170 Conn. 310 (1977). There the court observed:
 "The term `and/or', is defined as `either and or or' Webster's New International Dictionary 2d Ed. It has been characterized as "an equivocal connective, being neither positively conjunctive nor positively disjunctive." [citations omitted]. A number of courts have recognized that its use is confusing in jury instructions. [citations omitted]. Since there is to be a retrial of the action we need not decide whether, under the circumstances, this aspect of the charge CT Page 2166 was reversible error. It is sufficient to note that the potential for confusion inherent in using `and/or' in jury instructions as was done here, so that the jury is left uncertain whether they must find all or only one of a series of specifications of contributory negligence to exist in order to preclude a plaintiff's verdict."
Mack, at 315-316.
The Supreme Court also considered the disjunctive or conjunctive meaning of the words "and" and "or" in Bania v. New Hartford, 138 Conn. 172 (1951), when the court held:
 "Whether the word `and' in the statute is to be construed in the conjunctive or the disjunctive sense is determinative of the validity of the calls and votes of the town meeting concerning Sunday sales and also of the claim of the plaintiff of an existing right in him to sell on Sunday. His principle claim is that the word should be construed literally and so in the conjunctive sense because it signifies `that something is to follow in addition to that which precedes' 3 C.J.S. 1067. To effectuate the intention of the legislature, however, and may be construed to mean or 3 C.J.S. 1068. What the legislative intent expressed by the phrase `hotels, restaurants and clubs' as used in the statute is cannot be determined by resort to a definition of the word `and' per se but must be deduced from a consideration of the several pertinent statutory provisions indicative of the policy of the state in conferring on each town certain rights of local option as to the sale of alcoholic liquor within its borders.
Bania, at 176.
While the court recognizes the Bania is concerned with the sale of liquor and Mack is concerned with jury instructions, the cases make it relatively clear that the frequently used legal expression "and/or" has no clear meaning as either disjunctive or CT Page 2167 conjunctive. Faced with this ambiguity the court must determine whether the phrase "the lot has at least 80% of the required area and/or frontage" is reasonably read in the context of the regulation as requiring 80% of one or the other or 80% of both, or perhaps most logically, 80% of that factor which is undersized. Recognizing that the Zoning Commission in the instant case has given the Zoning Board of Appeals wide discretion and is using a special exception to achieve a result that might otherwise have been possible only by variance supported by the statutorily required showing of hardship, the court holds that the more restrictive interpretation of the term "and/or" is justified. Considering all of the circumstances surrounding the purpose and use of the regulation, it is the holding of the court that the special exception may be granted only when the property involved contains at least 80% of both the required square footage and the required frontage. Not only is such a reading consistent with the language used in the regulation, but it bolsters the regulation by appropriately limiting what might otherwise be an improper delegation from the zoning authority to the Zoning Board of Appeals.
Accordingly, in the appeal in Docket No. CV 93-0349797 affecting 26 Circle Street, because the frontage has been reduced to less than 80% of the required 60 feet, the appeal is sustained and the action of the West Haven Zoning Board of Appeals is reversed.
THE COURT BY:
Kevin E. Booth, Judge