[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS AND MOTION TO STAY
The plaintiffs, Connecticut General Life Insurance Company ("CGLIC") and South Central RS, Inc. (SCRS), filed this declaratory judgment action seeking to determine the obligations of the defendant summary and excess liability insurance carriers to defend and indemnify the plaintiffs in connection with a multi-plaintiff lawsuit known as Plunkett v.Connecticut General Life Ins. Co., Docket No. 200063135, pending in the District Court of Texas, Harris County ("the underlying lawsuit").[1]
Following a partial settlement between the plaintiffs and the primary liability carriers, Travelers Insurance Company ("Travelers"), and Zurich American Insurance Company ("Zurich"), the only counts of the revised complaint which remain are those seeking a declaratory judgment as to the duty of all of the defendants to indemnify.[2]
The defendants, Federal Insurance Company ("Federal"),[3] Fireman's Fund Insurance Company ("Fireman's Fund"),[4] and Royal Insurance Company of America ("Royal"),[5] now move to dismiss counts six through eight of the revised complaint, which seek a declaratory judgment as to the duty to indemnify of Federal, Fireman's Fund and Royal, respectively. In support of their motion to dismiss, the defendants assert that because the underlying lawsuit is still pending and there is no allegation either that their policies have been reached or that claims for indemnification have been made, the issue of their duty to indemnify is not ripe for adjudication; there is no case in controversy; and therefore, the court lacks subject matter jurisdiction. The plaintiffs oppose the motion to dismiss and seek to stay the lawsuit for a period of one year.
 I
Motion to Dismiss
"A motion to dismiss . . . properly attacks the jurisdiction of the CT Page 4148 court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer; 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [maybe raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised . . . the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999). Finally, where as here, "the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue . . ." Shay v.Rossi, 253 Conn. 134, 140, 749 A.2d 1147 (2000).[6]
In counts six, seven, and eight of their revised complaint, the plaintiffs claim that they are entitled to a determination and declaration by the court that Federal, Fireman's Fund and Royal have a duty to indemnify the plaintiffs in connection with the underlying letter claims against them and a class action lawsuit in which present and former residents of the Saratoga Springs Apartments in Dallas, Texas made demands alleging property damage and personal injury against the plaintiffs seeking money damages. Specifically, the plaintiffs allege that they are insured under the Federal, Fireman's Fund and Royal policies; that there is "a dispute over insurance coverage between Plaintiffs and Defendants"; and that they have incurred substantial costs, including attorneys fees and expenses, consultants' fees and expenses, costs for investigating damage to the apartments in question and costs for cleanup as well as replacement costs of personal effects of some of the residents of the apartment complex. The plaintiffs have appended the Federal, Fireman's Fund and Royal policies to the revised complaint.
The plaintiffs further allege that in the event it is declared that Zurich and/or Travelers have no obligation to defend or indemnify, "then Defendant Fireman's Fund . . . should drop down under its umbrella policy and defend and indemnify Plaintiffs. Defendant excess insurers, Royal . . . and Federal . . . should acknowledge coverage for the underlying claims and suit herein." (Revised Complaint, ¶ 1.) The plaintiffs CT Page 4149 also allege that they have demanded that Fireman's Fund "drop down" and provide a defense and indemnity to them under the terms of its policy but that Fireman's Fund has declined to "drop down" under its umbrella policy.
As to Royal, the plaintiffs allege that they have demanded coverage from Royal in connection with the underlying lawsuit; that Royal notified Connecticut General that several provisions in its policy may preclude coverage for the claims in question; that Royal has reserved its rights under the provisions of its policy and has, thereby, not acknowledged that the plaintiffs are entitled to defense or indemnity under the Royal policy. As to Federal, the plaintiffs allege that they have demanded coverage from Federal in connection with the claims of the present and former residents of the Saratoga Springs Apartments and the Texas lawsuit, and Federal has not acknowledged that the plaintiffs are entitled to defense or indemnity under the terms of the Federal policy. The plaintiffs further allege that Connecticut General advised Fireman's Fund, Federal and Royal that SCRS was also seeking coverage under their respective policies in connection with the claims and lawsuit by present and former residents of the Saratoga Springs Apartments.
In their motions to dismiss, Federal, Fireman's Fund and Royal argue that the court lacks subject matter jurisdiction because the primary policies of Travelers and Zurich have not yet been exhausted. The defendants further argue that the partial settlement between the plaintiffs and Travelers and Zurich on the issue of the duty to defend, which resulted in withdrawal by the plaintiffs of all the claims against the defendants except the declaratory judgment action on the issue of the duty to indemnify, renders the remaining claims as to Federal, Fireman's Fund and Royal nonjusticiable.
In accordance with General Statutes § 52-29, the Superior Court has subject matter jurisdiction of declaratory judgment actions. Since the motions to dismiss are addressed to the claims for declaratory judgment, the issue before the court is to determine if the claims in question meet the criteria for declaratory judgment actions. The requirements of a declaratory judgment action are set forth in pertinent part by Practice Book § 17-55, which provides as follows:
Sec. 17-55. Conditions for Declaratory Judgment
A declaratory judgment action may be maintained if all of the following conditions have been met:
(1) The party seeking the declaratory judgment has an interest, legal CT Page 4150 or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations;
(2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; and
(3) In the event that there is another form of proceeding that can provide the party seeking the declaratory judgment immediate redress, the court is of the opinion that such party should be allowed to proceed with the claim for declaratory judgment despite the existence of such alternate procedure.
Although they do not address § 17-55 directly, the defendants essentially contend that there is no "actual bona fide and substantial question or issue in dispute or uncertainty of legal relations which requires settlement between the parties." "This provision [§ 17-55 (2)] means no more than that there must appear a sufficient practical need for the determination of the matter, and that need must be determined in the light of the particular circumstances involved in each case." Bania v. New Hartford, 138 Conn. 172, 175, 83 A.2d 165 (1951). See also Connecticut Business Industry Assn., Inc. v. CHHC, 218 Conn. 335,345-46, 589 A.2d 356 (1991) ("[a] party without a justiciable right in the matter sought to be adjudicated lacks standing to raise the matter in a declaratory judgment action"). Taking the facts alleged in the revised complaint, including those facts necessarily implied from the allegations and construing them in a manner most favorable to the plaintiffs, the motion to dismiss must be denied. See Lawrence Brunoli, Inc. v.Branford, supra, 247 Conn. 410-11.
The Connecticut Supreme Court has "consistently construed our [declaratory judgment] statute and the rules under it in a liberal spirit, in the belief that they serve a sound social purpose." ConnecticutSavings Bank v. First National Bank Trust Co., 133 Conn. 403, 409,51 A.2d 907 (1947). "The relief thus afforded is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purpose underlying such judgments." Bania v. New Hartford, supra,138 Conn. 175.
"That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action . . . Indeed, litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real . . ." (Citations omitted; internal quotation marks omitted.) Associated Indem. Corp. v. FairchildCT Page 4151Industries, Inc., 961 F.2d 32, 35 (2d Cir. 1992). Furthermore, absolute proof that excess insurance policies will be triggered is not required in a declaratory judgment action. See North American Phillips Corp. v. AetnaCasualty and Surety Co., 565 A.2d 956, 961-62 (Del.Super.Ct. 1989) ("plaintiff has made a sufficient showing that due to its current and future liability and considering the magnitude of this case it is likely that the excess carriers coverage will be triggered"); Hoechst CelaneseCorp. v. National Union Fire Ins. Co., 623 A.2d 1133, 1137
(Del.Super.Ct. 1992) (insured need not have suffered actual harm for declaratory action to be ripe).
The plaintiffs have demanded that Fireman's Fund "drop down" its umbrella coverage and that Federal and Royal acknowledge the plaintiffs' entitlement to coverage, which these defendants have declined to do. The plaintiffs have alleged that they are insureds of the defendants: that they are subject to numerous claims for money damages alleging property damage and personal injury stated either in letters or in a class action lawsuit pending in Harris County, Texas; and that they have incurred substantial costs and fees for attorneys, consultants, investigation, clean up and replacement of personal effects in connection with the underlying lawsuit. It is undisputed that Connecticut General has already paid out more than $2 million for which it seeks indemnity. (Koepff Aff. ¶ 19.) Furthermore, approximately 138 former residents of Saratoga Springs Apartments have demanded $13 million just to settle their property damage claims. The extent of the potential claims for bodily injury remain unknown. Id. Under the circumstances, it is reasonable to anticipate that the "magnitude" of potential claims against the plaintiffs will trigger excess coverage and the question of the plaintiffs' entitlement to "drop down" coverage will become imminently "real." Associated Indem. Corp. v. Fairchild Industries, Inc., supra,
961 F.2d 35.
Accordingly, the motions to dismiss are denied.
 II
Motion to Stay
The plaintiffs have also moved to stay for one year the remaining counts of the complaint which all address the duty of indemnification. In the interest of judicial economy, this motion is granted.
 BY THE COURT A. Susan Peck, Judge
CT Page 4152