******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* SCOTT PALMENTA
(AC 37891)

DiPentima, C. J., and Mullins and Jongbloed, Js.

*Argued May 12—officially released September 6, 2016*

(Appeal from Superior Court, judicial district of
Litchfield, geographical area number eighteen,
Ginnochio, J.)

*David B. Bachman*, assigned counsel, for the appellate (defendant).

*Toni M. Smith-Rosario*, senior assistant state's attorney, with whom, on the brief, were *David S. Shepack*, state's attorney, and *Dawn Gallo*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

JONGBLOED, J. The defendant, Scott Palmenta, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that he falls within the exemption set forth in General Statutes § 53a-40 (c), and, therefore, the court improperly sentenced him as a persistent serious felony offender. We disagree with the defendant and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural history, as set forth in the court's memorandum of decision, are relevant to this appeal. "On May 8, 2009, in Docket No. CR-07-124076-S, the defendant [pleaded] guilty to burglary in the second degree in violation of General Statutes § 53a-102 (a) (2); attempt [to commit] larceny in the third degree in violation of General Statutes §§ 53a-124 (a) (2) and 53a-49; and criminal mischief in the second degree in violation of General Statutes § 53a-116 (a) (1). The defendant also admitted to being a persistent [serious] felony offender in violation of General Statutes § 53a-40 (c) and § 53a-40 (j).[1]

"On May 8, 2009, in Docket No. CR-07-125614-S, the defendant [pleaded] guilty to burglary in the third degree in violation of General Statutes § 53a-103; identity theft in the third degree in violation of General Statutes § 53a-129d; and larceny in the fifth degree in violation of General Statutes § 53a-125. The defendant also admitted to being a persistent [serious] felony offender in violation of General Statutes § 53a-40 (c) and § 53a-40 (j). On August 7, 2009, the defendant was sentenced to a total effective sentence of thirty years, execution suspended after ten years of incarceration, followed by five years of probation."[2]

On March 20, 2014, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. In that motion, the defendant argued that the court improperly enhanced his sentence on the charge of burglary in the second degree after finding him to be a persistent serious felony offender. He argued that his sentence was illegal because his admission that he was a persistent serious felony offender was not knowing, intelligent and voluntary. He further argued that the sentencing court had no factual or legal basis for its finding that he should be sentenced as a persistent serious felony offender. Specifically, the defendant contended that he fell within the exemption set forth in § 53a-40 (c), and, therefore, could not be considered a persistent serious felony offender. The state filed an objection to the motion. Following a hearing, the trial court denied the defendant's motion by memorandum of decision dated August 21, 2014.[3] The defendant then filed the present appeal in which he claims that the court improperly denied his motion to correct an illegal sentence. Specifically, he argues that he falls within the

exemption set forth in § 53a-40 (c) and, therefore, the court improperly sentenced him as a persistent serious felony offender.[4]

Before commencing our review of the defendant's claim, we first set forth the applicable standard of review. "[A] claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is [typically] reviewed pursuant to the abuse of discretion standard. . . . In the present case, however, the defendant's motion to correct an illegal sentence raises a question of statutory construction. Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . .

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citations omitted; internal quotation marks omitted.) *State* v. *Adams*, 308 Conn. 263, 269–70, 63 A.3d 934 (2013).

Section 53a-40 (c) provides: "A persistent serious felony offender is a person who (1) stands convicted of a felony, and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. This subsection shall not apply where the present conviction is for a crime enumerated in subdivision (1) of subsection (a) of this section *and* the prior conviction was for a crime other than those enumerated in subsection (a) of this section."[5] (Emphasis added.)

The issue to be resolved in this appeal is whether the word "and" in the exemption contained in § 53a-40 (c) should be interpreted conjunctively or disjunctively. The defendant contends that he had no prior conviction for crimes enumerated in § 53a-40 (a) (1) and, therefore, satisfied the second condition required for the exemption contained in § 53a-40 (c). He concedes, however,

that because the present conviction was for crimes other than those enumerated in § 53a-40 (a) (1), he did not satisfy the first portion of the exemption. According to the defendant, because the word "and" in the exemption can be construed conjunctively or disjunctively, it is ambiguous; we, therefore, should apply the rule of lenity and narrowly construe the exemption in his favor by adopting a disjunctive construction. In response, the state argues that the court properly construed the exemption contained in § 53a-40 (c) and, therefore, properly denied the defendant's motion to correct an illegal sentence. We agree with the state.

"Our Supreme Court has held that the term 'and' may be construed to mean 'or,' especially if construing 'and' in the conjunctive would lead to an illogical or unreasonable result." *Kayla M.* v. *Greene*, 163 Conn. App. 493, 502, 136 A.3d 1 (2016). In support of his argument that "and" should be construed disjunctively in § 53a-40 (c), the defendant relies on *Bania* v. *New Hartford*, 138 Conn. 172, 83 A.2d 165 (1951) and *Commission on Hospitals & Healthcare* v. *Lakoff*, 214 Conn. 321, 572 A.2d 316 (1990). In *Bania*, our Supreme Court construed the word "and" disjunctively in a statute that prohibited Sunday sales of liquor but further provided that "any town may . . . allow the sale of alcoholic liquor on Sunday between the hours of twelve o'clock noon and nine o'clock in the evening in hotels, restaurants *and* clubs." (Emphasis added.) *Bania* v. *New Hartford*, supra,173. In *Lakoff*, our Supreme Court construed disjunctively the word "and" in the phrase "prevention, diagnosis and treatment" in General Statutes (Rev. to 1987) § 19a-145 so that an entity performing only one of the three functions would meet the definition of a "health care facility or institution." *Commission on Hospitals & Healthcare* v. *Lakoff*, supra, 328;[6] see also *Kayla M.* v. *Greene*, supra, 503 (construing "and" disjunctively in General Statutes § 46b-16a [a] so that "an applicant for a civil protection order on the basis of stalking is required to prove only that there are reasonable grounds to believe that a defendant stalked and will continue to stalk, as described in [General Statutes] §§ 53a-181c, 53a-181d *or* 53a-181e." [emphasis in original]).

Unlike the statutes at issue in the previously cited cases, § 53a-40 (c) addresses two preconditions that must be fulfilled before a defendant is entitled to the exemption. *State* v. *Bell*, 283 Conn. 748, 931 A.2d 198 (2007), is instructive on this point. In *Bell*, our Supreme Court considered whether General Statutes (Rev. to 2007) § 53a-40 (h) was unconstitutional because it allowed for a finding by the trial court, rather than the jury, that imposing extended incarceration would best serve the public interest. Id., 784–85. As part of its analysis of this claim, the court stated: "In examining the text of the statute, we note at the outset that, by its use of the conjunctive 'and,' the statute appears to

impose two preconditions for an enhanced sentence to be imposed in lieu of the lesser sentence prescribed for the offense for which the defendant stands convicted: (1) the jury's determination that the defendant is a persistent offender; and (2) the court's determination that the defendant's history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest. See *Penn* v. *Irizarry*, 220 Conn. 682, 687, 600 A.2d 1024 (1991) ('[t]he use of the conjunctive, "and," indicates that both conditions must be fulfilled before a new primary [election] may be ordered [pursuant to General Statutes § 9-329a]'); *Nicotra Wieler Investment Management, Inc.* v. *Grower*, 207 Conn. 441, 455, 541 A.2d 1226 (1988) ('we find significance in the use of the word "and" between the two stated conditions')" *State* v. *Bell*, supra, 283 Conn. 796.

Similarly, § 53a-40 (c) appears to impose two preconditions to qualify for the exemption from persistent serious felony offender status: (1) the present conviction must be for a crime enumerated in subdivision (1) of subsection (a) of § 53a-40, and (2) the prior conviction must be for a crime other than those enumerated in subsection (a) of § 53a-40. Pursuant to the plain language of the statute, the exemption does not apply to the defendant because he was not convicted of a crime enumerated in § 53a-40 (a) (1).

Even if we were to conclude, however, that the statutory language is ambiguous, the legislative intent does not support the defendant's interpretation of the exemption contained in § 53a-40. The 1971 commission comment to § 53a-40 provides in relevant part: "This section creates a new scheme for sentencing relating to recidivists. It singles out three types of recidivists for special treatment: (1) persistent dangerous felony offender; (2) persistent felony offender; and (3) persistent larceny offender. . . . A persistent felony offender . . . is one who stands convicted of a felony and who has at least once before been convicted of a felony and imprisoned therefor for more than one year. The consequence of being found to be a persistent felony offender is that the court may, in its discretion, impose the sentence authorized for the next more serious degree of felony. Thus, a person convicted of a class C felony who has a prior felony conviction and imprisonment on his record may be sentenced as a class B felon. *The purpose of the last section of subsection (b)* [presently subsection (c)] *is to make clear, however, that this escalation to the next higher degree does not apply where the present conviction is for one of the dangerous felonies listed in subsection (a) (1), since the authorized maximum sentences for those offenses are already high, and it would otherwise be possible to reach a life sentence under subsection (b) where the requirements of subsection (a) had not been met.*" (Emphasis added.) Commission to Revise the Criminal Statutes, Penal Code

Comments, Conn. Gen. Stat. Ann. § 53a-40 (West 2012) commission comment, p. 661. Because the defendant has not been convicted of any of the felonies listed in § 53a-40 (a) (1) (A), application of the exemption to the defendant would frustrate the stated purpose of the statute.

Finally, we disagree with the defendant's contention that a conjunctive reading of the word "and" will lead to an illogical result and create disharmony in the statute's hierarchical structure. In rejecting this argument, the trial court stated: "Interpreting the word 'and' in the disjunctive would frustrate the legislative intent of the statute and create a bizarre result in that it would exempt large classes of repeat felony offenders from persistent serious felony offender status based on whether they meet one precondition or the other. In adopting the defendant's interpretation, a defendant's prior conviction of a crime *other than*, e.g., manslaughter, arson, kidnapping, etc., would automatically prevent the court from imposing a sentence enhancement on a defendant's present conviction. In addition, a defendant would be exempt if his or her present conviction is for a crime enumerated in subdivision (1) of subsection (a). Therefore, a defendant presently convicted of, e.g., arson, would automatically be exempt from sentence enhancement, even if the defendant has a prior conviction of arson. Such results would directly contradict the statute's purpose in allowing our sentencing courts to impose a more severe penalty for particular present convictions *based upon* a defendant's prior conviction(s)." (Emphasis in original.) We equally are persuaded that a disjunctive reading of the exemption contained in § 53a-40 would lead to a bizarre and irrational result. See *State* v. *Burns*, 236 Conn. 18, 27, 670 A.2d 851 (1996) (presumption that legislature intends to accomplish reasonable and rational result rather than difficult and possibly bizarre result).

On the basis of the foregoing, we conclude that the court correctly construed the word "and" in a conjunctive manner in § 53a-40 (c). The plain language of the statute, as well as the commission comment and the case law interpreting another portion of the same statute, support this interpretation. In light of this conclusion, the defendant cannot prevail on his claim that the court improperly denied his motion to correct an illegal sentence and that the rule of lenity requires that the exemption be read disjunctively. "[T]he touchstone of this rule of lenity is statutory ambiguity. . . . [W]e . . . [reserve] lenity for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute. . . . Because we conclude that, after full resort to the process of statutory construction, there is no reasonable doubt as to the meaning of the statute, we need not resort to the rule of lenity." (Citations omitted; empha-

sis in original; internal quotation marks omitted.) *State* v. *Ledbetter*, 240 Conn. 317, 331, n.12, 692 A.2d 713 (1997).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] As amended by No. 15-2 of the 2015 Public Acts, subsection (j) of § 53a-40 became subsection (k).

[2] The court's memorandum of decision provides: "[I]n Docket No. CR-07-124076-S, the defendant was sentenced on the count of burglary in the second degree, to twenty years, execution suspended after ten years of incarceration, followed by five years of probation; on the count of larceny in the third degree, to five years to serve, concurrent; and on the count of criminal mischief in the second degree, to one year to serve, concurrent. In Docket No. CR-07-125614-S, the defendant was sentenced on the count of burglary in the third degree, to ten years, execution suspended, consecutive, followed by five years of probation; on the count of identity theft in the second degree, to five years to serve, concurrent; and on the count of larceny in the fifth degree, to six months to serve, concurrent."

[3] On January 23, 2015, the court issued an amended memorandum of decision correcting the docket numbers in the heading of the decision.

[4] The defendant frames his argument by claiming that the court violated his right to due process of law under the United States and Connecticut constitutions because he lacked fair warning that he could be sentenced as a persistent serious felony offender. The defendant, however, did not raise a claim of lack of fair warning in his motion to correct an illegal sentence. He relied solely on his statutory construction claim. At oral argument before this court, the defendant indicated that he was not pursuing a separate claim regarding lack of fair warning. Rather, the fair warning claim was intended to undergird his argument that, because § 53a-40 is ambiguous, the rule of lenity requires that the exemption be narrowly construed in his favor. We, therefore, restrict our analysis to the statutory construction argument raised in the trial court and properly raised on appeal.

[5] General Statutes § 53a-40 (a) provides in relevant part: "A persistent dangerous felony offender is a person who: (1) (A) Stands convicted of manslaughter, arson, kidnapping, robbery in the first or second degree, assault in the first degree, home invasion, burglary in the first degree or burglary in the second degree with a firearm, and (B) has been, prior to the commission of the present crime, convicted of and imprisoned under a sentence to a term of imprisonment of more than one year or of death, in this state or in any other state or in a federal correctional institution, for any of the following crimes: (i) The crimes enumerated in subparagraph (A) of this subdivision or an attempt to commit any of said crimes; or (ii) murder, sexual assault in the first or third degree, aggravated sexual assault in the first degree or sexual assault in the third degree with a firearm, or an attempt to commit any of said crimes; or (iii) prior to October 1, 1975, any of the crimes enumerated in section 53a-72, 53a-75 or 53a-78 of the general statutes, revision of 1958, revised to 1975, or prior to October 1, 1971, in this state, assault with intent to kill under section 54-117, or any of the crimes enumerated in sections 53-9, 53-10, 53-11, 53-12 to 53-16, inclusive, 53-19, 53-21, 53-69, 53-78 to 53-80, inclusive, 53-82, 53-83, 53-86, 53-238 and 53-239 of the general statutes, revision of 1958, revised to 1968, or any predecessor statutes in this state, or an attempt to commit any of said crimes; or (iv) in any other state, any crimes the essential elements of which are substantially the same as any of the crimes enumerated in subparagraph (A) of this subdivision or this subparagraph . . . ."

[6] The court in *Lakoff* also noted that the legislature recently had amended § 19a-145 so that the statute would read "prevention, diagnosis *or* treatment." (Emphasis added.) *Commission on Hospitals & Healthcare* v. *Lakoff*, supra, 214 Conn. 330.